## CABLE *v.* UNITED STATES LIFE INSURANCE COMPANY.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 28. Argued October 16, 19, 1903.—Decided November 30, 1903.

A corporation created by one State can transact business in another State only with the consent of the latter, which may accompany its consent with such conditions as it thinks proper to impose, provided they are not repugnant to the Constitution and laws of the United States, or inconsistent either with those rules of public law which secure the jurisdiction and authority of each State from encroachment by all others, or those principles of natural justice which forbid condemnation without opportunity for defense.

Where an insurance company, citizen of one State, has voluntarily accepted

a license from another State, and has been sued in a court of that State, the fact that the license is subject to be revoked if the company should remove the action to the Federal courts, furnishes no ground for appealing to a Federal court to take jurisdiction of a suit in equity to cancel the policy if otherwise the court would have no jurisdiction.

The theory that a complainant has no adequate remedy at law because it would not have the same control over an action brought against it as defendant as it would have as plaintiff in a suit brought by it, does not lay the foundation for the jurisdiction of a Federal court in an action in equity to enjoin the prosecution of the suit against it.

Equitable jurisdiction does not accrue to the Federal court because it is thought that the law as administered by it is more favorable to a party seeking its aid than the law as administered by the courts of a State in which it has been sued.

THIS case comes here upon certiorari, applied for by the petitioner, who was the administratrix of the estate of Herman D. Cable, deceased.  186 U. S. 482.  The suit was brought in the Circuit Court of the United States for the Northern District of Illinois by complainant, The United States Life Insurance Company, of the city of New York and a citizen of that State, against Alice A. Cable, a citizen of the State of Illinois, to have a certain policy of insurance for $50,000, payable as therein stated, upon the life of the said Herman D. Cable, delivered up for cancellation, on the ground that the same had been procured by the fraud of the agents of the deceased. The bill averred that the complainant was an insurance company of New York, lawfully engaged in doing business throughout the United States, and particularly in Illinois, under a permit or license duly granted therefor; that it had issued its policy upon the life of Herman D. Cable, and that it was procured by the fraud and fraudulent representations of his agents, such fraud and fraudulent representations being set forth at length; also that defendant had commenced a suit in the state court of Illinois to recover upon the policy, which suit was instituted about one and a half hours prior to the filing of complainant's original bill. A supplemental and amended bill was filed, in which, among other things, it was alleged:

"10. Your orator further avers that the Constitution and laws of the United States of America confer upon your orator the right to remove into this court said action at law so begun against your orator; that, on the other hand, the State of Illinois, by legislative enactment, has sought to prevent the removal to this court by insurance companies of actions similar to said action so begun by said administratrix, and has practically destroyed such right or made its exercise impracticable, by providing, in substance, that an insurance company shall forfeit and lose its right to do business in the State of Illinois upon removing any such action into this court; that by removing said action to this court your orator might lose its right to transact business in the State of Illinois, and would certainly become involved in serious controversy with said State respecting the transaction of any subsequent business by your orator in said State; that the laws of said State upon certain questions of general insurance law, as interpreted by its highest legal tribunal, and applicable to the facts in this case, are somewhat different from the laws of the United States as interpreted by the Federal courts, upon the same questions, and from the standpoint of the laws of the United States, are unduly and erroneously adverse to insurance companies; that your orator is entitled to an application of the law according to the decisions of the Federal courts; and that under the facts and circumstances, hereinbefore set forth in this bill, your orator is without a due and proper remedy at law in respect to the claim of said administratrix under said policy of insurance, but is without any remedy at law whatever in this court."

To this bill the defendant interposed a demurrer, among other things, for want of equity, and that demurrer was sustained by the Circuit Court but upon appeal to the Circuit Court of Appeals for the Seventh Circuit the decree sustaining the demurrer was overruled and the case remanded to the Circuit Court. 98 Fed. Rep. 761; same case, 39 C. C. A. 264.

An answer was then put in by the administratrix of Cable's

estate denying any fraud, and averring that she had, before the suit in the Federal court was commenced, herself commenced an action upon the policy in a proper state court of Illinois, and that it was her intention and desire to push such action to a speedy conclusion if permitted by the Federal court.

The suit herein was tried and a decree entered that the policy was procured on behalf of the deceased by constructive fraud, and that no actual fraud was intended or practiced in the delivery of the same, and it was thereupon decreed that the policy should be delivered up and cancelled. The defendant appealed from such decree to the Circuit Court of Appeals, and the complainant took a cross-appeal so as to bring up the findings of fact as to the constructive fraud, so that, as counsel said, "the case might be heard and considered in the Circuit Court of Appeals upon the whole evidence, regardless of the findings of the master and of the Circuit Court." This was done for the reason that, in counsel's belief, the evidence showed a deliberate and intentional concealment on the part of Lord, the agent of the deceased, and therefore a plain fraud perpetrated by such agent. The Circuit Court of Appeals affirmed the judgment and upon application this court granted the writ of certiorari as stated.

*Mr. W. S. Oppenheim,* with whom *Mr. H. H. C. Miller* was on the brief, for the petitioner:

Where a suit at law is brought against an insurance company for a loss sustained under an insurance policy, a court of chancery has no jurisdiction to cancel the policy, since every ground set forth in the bill of complaint can be set up and tried as a defence in the action at law. § 723, U. S. Rev. Stat. A suit in equity will not lie to cancel an insurance policy after the death of the insured. *Phœnix Life Ins. Co.* v. *Bailey,* 13 Wall. 616.

The Judiciary Act provides that suits in equity shall not be sustained in either of the courts of the United States in any

case where a plain, adequate and complete remedy may be had at law. *Hipp* v. *Babin*, 19 How. 271; *Parker* v. *W. L. Cotton & Woolen Co.*, 2 Black, 545; *Boyce* v. *Grundy*, 3 Pet. 210; *Graves* v. *Ins. Co.*, 2 Cranch, 444; 1 Stat. at L. 82; *Foley* v. *Hill*, 1 Philadelphia, 399; *Fire Ins. Co.* v. *Delavan*, 8 Paige Ch. R. 422; *Alexander* v. *Murihead*, 2 Desaus, 162; 5 Am. Law Rep. 564; *Home Ins. Co.* v. *Stanchfield*, 1 Dill. 424; *Ætna Life Ins. Co.* v. *Smith*, 73 Fed. Rep. 318; *Thrale* v. *Ross*, 3 Bro. Ch. 56; *Arundel* v. *Holmes*, 4 Beav. 325; *Norris* v. *Day*, 4 You. & C. 475. The respondent had complied with the provisions of the Illinois Statutes, 2 Hurd's R. S. 1899, ch. 73, by filing its written application for a license and was regularly authorized to do business within the State of Illinois.

A foreign insurance company has no right to do business in the State without license and contracts entered into by it are controlled by the statutes of the State. *New York Life Ins. Co.* v. *Cravens*, 178 U. S. 389.

The statute of the State under which respondent was licensed does not forbid a removal to the Federal court of suits brought against it in the state court, but simply reserves the right to revoke the license issued under the written agreement given by respondent to the State, if it does not submit its controversies to the judgment of the state courts and stand upon the same footing as domestic companies. This statute is constitutional and the agreement made by the respondent under which it procured its license is valid and binding. *Doyle* v. *Continental Insurance Co.*, 94 U. S. 535.

The Circuit Court of the United States cannot enjoin an action in the state court. Prior to the filing of the bill of complaint an action at law had been instituted against the respondent in the state courts and a summons issued therein and placed in the hands of the sheriff for service. Under the law of the State of Illinois jurisdiction attaches by the filing of a præcipe and issuance of a summons thereunder. *Collins* v. *Manville*, 170 Illinois, 614; *Schroeder* v. *Merchants & Mechanics Ins. Co.*, 104 Illinois, 71; *Farmers Loan & Trust Co.* v.

*Lake St. Elevated R. R. Co.,* 177 U. S. 51, and see § 720, U. S. Rev. Stat.; *Diggo* v. *Wolcott,* 4 Cranch, 179; *Riggs* v. *Johnson Co.,* 6 Wall. 195; *Orton* v. *Smith,* 18 How. 265; *Haines* v. *Carpenter,* 91 U. S. 267; *In re Sawyer,* 124 U. S. 219.

The disclosure made to the agent of the company was sufficient to put him upon guard and was ample notice to the company of the then condition of Mr. Cable's health and that the delivery of the policy with such knowledge was a waiver of its provision concerning the delivery of the same during the good health of the insured. *Phœnix Life Insurance Co.* v. *Raddin,* 120 U. S. 183; *Marston* v. *Kennebec Ins. Co.,* 89 Maine, 266; *German American Ins. Co.* v. *Morris,* 100 Kentucky, 29; Joyce on Ins. sec. 1870; *Manhattan Life Ins. Co.* v. *J. P. Willis & Bro.,* 60 Fed. Rep. 236.

Under the facts the remedy at law of respondent is complete and adequate. The effect of a decree in the present case would not necessarily be a final adjudication as to the rights of the parties, should there be a dismissal of the bill. Every defence had by the insurance company can be made in the suit brought in the state court. The question then arises whether such a clear and uncontroverted case of fraud has been made as will authorize the court to sustain the bill. *Southern Development Co.* v. *Silva,* 125 U. S. 247; *Farnsworth* v. *Duffner,* 142 U. S. 207; *Atlantic Delaine Co.* v. *James,* 94 U. S. 207; *Morse Arms Mfg. Co.* v. *Winchester Repeating Arms Co.,* 33 Fed. Rep. 184; As to § 912, 2 Pomeroy's Equity, see § 914 same volume. See also in reply to cases on respondent's brief: *Wood* v. *Am. Fire Ins. Co.,* 149 U. S. 382; *Firemen's Ins. Co.* v. *Thomas,* 92 Fed. Rep. 127; *McMaster* v. *N. Y. Life Ins. Co.,* 183 U. S. 25; *Sioux City* v. *N. A. Trust Co.,* 173 U. S. 99; *N. Y. Life Ins. Co.* v. *Cravens,* 178 U. S. 389; *Mutual Benefit* v. *Higgenbotham,* 95 U. S. 380.

When the insurance company issues its policy and forwards it to its agent for delivery, the insured would have the right to compel the delivery of the policy to him upon payment of the premium notwithstanding the agent might refuse to deliver

the policy. *New York Life Ins. Co.* v. *Babcock*, 104 Georgia, 67; *Newark Machine Co.* v. *Kenton Ins. Co.*, 50 Ohio St. 549.

When the proposition contained in the application is accepted by the company and its policy issued, it becomes a complete contract and from thenceforward the insured is entitled to the benefits of his contract. *Travis* v. *Nederland Life Ins. Co.*, 104 Fed. Rep. 486; 43 C. C. A. 653.

Where the policy is dated as of a certain time, it goes into force as of that date, although the policy may not be delivered and the premium paid until a subsequent date. *McMaster case, supra; Mutual Life* v. *Thomson*, 94 Kentucky, 253; *Yonge* v. *Equitable Life Ins. Co.*, 30 Fed. Rep. 902.

*Mr. William G. Beale*, with whom *Mr. Buell McKeever, Mr. Gilbert E. Porter* and *Mr. Charles E. Patterson* were on the brief, for the respondent:

Whether or not there was a consummated contract on the 21st of February depends, obviously, upon the intent or agreement of the parties. By the application the parties agreed that the policy should not take effect until delivery; and acceptance by Cable was essential to make a binding delivery. *Smith* v. *Provident Savings Life Assurance Society*, 13 C. C. A. 284; 65 Fed. Rep. 765; *Equitable Life Assurance Society* v. *McElroy*, 28 C. C. A. 365; 83 Fed. Rep. 631; *Piedmont, etc., Life Assurance Co.* v. *Ewing*, 92 U. S. 377; *Giddings* v. *Ins. Co.*, 102 U. S. 108; *Markey* v. *Mutual Benefit Life Ins. Co.*, 126 Massachusetts, 158.

The application provided that the policy should not take effect until payment of the first premium, and that only the president, together with the secretary or the actuary, should have power to waive any condition of the policy, while the policy further provided that agents could not modify or change the contract, of which the application was made a part. There could be no delivery without payment, for the agent could not waive the effect of these limitations. *Davis* v. *Mass. Mut. L. Ins. Co.*, 13 Blatch. 462; 7 Fed. Cas. 141, case 3642; *Paine*

v. *Pacific Mut. L. Ins. Co.*, 2 C. C. A. 459; 51 Fed. Rep. 689; *United Firemen's Ins. Co.* v. *Thomas*, 27 C. C. A. 42; 82 Fed. Rep. 406; *Kohen* v. *Mut. Reserve Fund Life Assn.*, 28 Fed. Rep. 705; *Misselhorn* v. *Mut. Reserve Fund Life Assn.*, 30 Fed. Rep. 545; *N. Y. Life Ins. Co.* v. *Fletcher*, 117 U. S. 519, 530; *Northern Assurance Co.* v. *Grand View Bldg. Assn.*, 183 U. S. 308.

The equitable jurisdiction of the Circuit Court of the United States was properly invoked and exercised, under the special circumstances of this case, because respondent did not have a plain, adequate, and complete remedy at law as such remedy is understood in the Federal courts. It could not itself institute any legal proceeding there, nor could it freely remove to that court any legal proceeding brought against it in the state court. Its constitutional right to have, through removal, any controversy at law with petitioner adjudicated in a Federal court had been hampered, embarrassed, and practically destroyed by an Illinois statute. The remedy at law which is a bar to equitable relief in a Federal court must exist on the law side of the same court. *Lewis* v. *Cocks*, 23 Wall. 466, 470; *Kilbourn* v. *Sunderland*, 130 U. S. 505, 514; *Root* v. *Railway Co.*, 105 U. S. 189, 216; *Pacific Express Co.* v. *Seibert*, 44 Fed. Rep. 310; *Bank of Kentucky* v. *Stone*, 88 Fed. Rep. 383, 391; *Davis* v. *Wakelee*, 156 U. S. 680, 688; *Watson* v. *Sunderland*, 5 Wall. 74, 79; *Rich* v. *Braxton*, 158 U. S. 375, 406; *Boyce's Executors* v. *Grundy*, 3 Pet. 210, 215; *Sullivan* v. *Portland, etc., R. R. Co.*, 94 U. S. 806, 811; *Drexel* v. *Berney*, 122 U. S. 241, 252; *Gormley* v. *Clark*, 134 U. S. 338, 349; *Allen* v. *Hanks*, 136 U. S. 300; *Tyler* v. *Savage*, 143 U. S. 79, 95; *Walla Walla* v. *Walla Walla Water Co.*, 172 U. S. 1, 12; *Smith* v. *American Nat. Bank*, 32 C. C. A. 368, 376; 89 Fed. Rep. 832; *Pacific Express Co.* v. *Seibert*, 44 Fed. Rep. 310, 315.

The Illinois statute against removals is doubtless repugnant to the Federal Constitution and void, along with the agreement not to remove required by it. *Barron* v. *Burnside*, 121 U. S. 186; *Southern Pacific Co.* v. *Denton*, 146 U. S. 202; *Gal-*

*veston, etc., Railway* v. *Gonzales*, 151 U. S. 496, 502; *Barrow Steamship Co.* v. *Kane*, 170 U. S. 100, 111; *Blake* v. *McClung*, 172 U. S. 239, 255; *Chattanooga R. & C. R. Co.* v. *Evans*, 14 C. C. A. 116, 120; 66 Fed. Rep. 809, 814; *Metropolitan L. Ins. Co.* v. *M'Nall*, 81 Fed. Rep. 888; *Mut. L. Ins. Co. of N. Y.* v. *Boyle*, 82 Fed. Rep. 705; *Commonwealth* v. *E. Tenn. Coal Co.*, 30 S. W. Rep. 608 (Kentucky); *Commonwealth* v. *Jellico Coal Min. Co.*, 30 S. W. Rep. 611 (Kentucky); *Dayton Coal & Iron Co.* v. *Barton*, 183 U. S. 24, 25.

Doubtless respondent might, upon learning of the action at law brought against it, have abandoned its bill and removed the action at law to the Federal court, but that course would have been fraught with danger, for a controversy with the state superintendent of insurance, and an attempted revocation of respondent's license, would have been certain to follow. *Lewis* v. *Cocks*, 23 Wall. 466; *Root* v. *Railway Co.*, 105 U. S. 189, 216; *Kilbourn* v. *Sunderland*, 130 U. S. 505, 514; *Smith* v. *Am. Nat. Bank*, 32 C. C. A. 368, 376; 89 Fed. Rep. 832; *Pacific Express Co.* v. *Seibert*, 44 Fed. Rep. 310, 315; *Bank of Kentucky* v. *Stone*, 88 Fed. Rep. 383, 391.

As respondent did not have the proper remedy at law in the Federal court, it is immaterial whether respondent had such a remedy in a state court. The equitable jurisdiction of the Federal courts does not depend, and cannot be made to depend, upon the adequacy of proceedings at law in the state courts. *Bean* v. *Smith*, 2 Mason, 252; 2 Fed. Cas. 1143, 1150, case 1174; *Breeden* v. *Lee*, 2 Hughes, 484; 4 Fed. Cas. 50, case 1828; *Mayer* v. *Foulkrod*, 4 Wash. Cir. Ct. 349; 16 Fed. Cas. 1231, case 9341; *Coler* v. *Board of Commissioners*, 89 Fed. Rep. 257; *Niagara Fire Ins. Co.* v. *Cornell*, 110 Fed. Rep. 816; *Nat. Surety Co.* v. *State Bank*, 120 Fed. Rep. 593, 602; *Mississippi Mills* v. *Cohn*, 150 U. S. 202; *Smyth* v. *Ames*, 169 U. S. 466, 516. See, also, *Stanton* v. *Embry*, 46 Connecticut, 595.

Jurisdiction and procedure of the Federal courts cannot be made to depend upon, nor be controlled by, state legislation and state procedure; otherwise state legislation, by extending *legal*

remedies, might destroy all equitable jurisdiction on the part of Federal courts. The jurisdiction and procedure in the Federal courts of law and of equity depend upon essential principles and distinctions as understood and applied by the Federal courts themselves. *Bean* v. *Smith,* 2 Mason, 252; 2 Fed. Cas. 1143, case 1174; *Mayer* v. *Foulkrod,* 4 Wash. Cir. Ct. 349; 16 Fed. Cas. 1231, case 9341; *Robinson* v. *Campbell,* 3 Wheat. 212, 222; *Mississippi Mills* v. *Cohn,* 150 U. S. 202; *Smyth* v. *Ames,* 169 U. S. 466, 516.

Nor if that were material did respondent have a plain, adequate and complete remedy in the state courts of Illinois, because it could not have its controversy with petitioner properly decided there in accordance with correct principles of general insurance law as understood and applied by this court, and because it might not have been able to interpose in an action at law the defence that the policy had been procured by fraud. This shows the peculiar value of the right to be in the Federal court. The substantial questions involved are questions of general law upon which the Federal courts exercise their own judgment, independently of state decisions. *Carpenter* v. *The Providence Washington Ins. Co.,* 16 Peters, 495; 511; *Burgess* v. *Seligman,* 107 U. S. 20, 33; *B. & O. R. R. Co.* v. *Baugh,* 149 U. S. 368; *Gloucester Ins. Co.* v. *Younger,* 2 Cur. 338; 10 Fed. Cas. 495, 500, case 5487; *Maier* v. *Fidelity Mut. Life Assn.,* 24 C. C. A. 239; 78 Fed. Rep. 566, 572; *Washburn & Moen Mfg. Co.* v. *Reliance Marine Ins. Co.,* 27 C. C. A. 134; 82 Fed. Rep. 296.

This court must consider its views of the principles of general insurance law to be sound, and any contrary views of other courts to be erroneous. This court and the Supreme Court of Illinois appear to differ radically. One or the other must be wrong, and if the Illinois Supreme Court is wrong, then respondent could have had no remedy at all in the state court from the standpoint of this court. *Bean* v. *Smith,* 2 Mason, 252; 2 Fed. Cas. 1143, 1150, case 1174.

It is settled in this court that a mere solicitor or a local agent

of a life insurance company cannot bind his company, affirmatively or by waiver, through his agreements or knowledge, when plain and appropriate limitations and restrictions upon his authority are brought to the attention of an applicant for insurance by being embodied in the application. *Davis* v. *Mass. Mut. L. Ins. Co.*, 13 Blatch. 462; 7 Fed. Cas. 141, case 3642; *Paine* v. *Pacific Mut. L. Ins. Co.*, 2 C. C. A. 459; 51 Fed. Rep. 689; *United Firemen's Ins. Co.* v. *Thomas*, 27 C. C. A. 42; 82 Fed. Rep. 406; *Kohen* v. *Mut. Reserve Fund Life Assn.*, 28 Fed. Rep. 705; *Misselhorn* v. *Mut. Reserve Fund Life Assn.*, 30 Fed. Rep. 545; *N. Y. Life Ins. Co.* v. *Fletcher*, 117 U. S. 519, 530; *Northern Assurance Co.* v. *Grand View Bldg. Assn.*, 183 U. S. 308.

The Supreme Court of Illinois holds that *any person* who receives applications for life insurance, collects premiums, and delivers policies is authorized to waive a limitation or restriction upon his own authority contained in a policy or in an application, and to waive other provisions of the contract, and to bind the company by agreement or waiver in connection with the act of manual delivery, without regard to the expressed limitations or restrictions; and that court has expressly indicated a disinclination to accept the rule enunciated in the *Fletcher* case, 117 U. S. 519, and repeated in the *Grand View Bldg. Association* case, 183 U. S. 308. *John Hancock Mutual Life Ins. Co.* v. *Schlink*, 175 Illinois, 284, 289, 290; *Royal Neighbors of America* v. *Boman*, 177 Illinois, 27, 31.

Under a recent decision of the Supreme Court of Illinois question exists whether the defense of fraud in procuring an insurance policy, not affecting its manual execution, can be made available in an action at law, or can only be made available in a suit in equity to cancel the policy. *Robinson* v. *Sharp*, 201 Illinois, 86; 66 N. E. Rep. 299. The remedy of respondent in a state court of Illinois is, therefore, very far from being "plain" and "adequate" at law.

There had been no final and conclusive election to take the commuted value of the policy, and the possibility of a multi-

plicity of suits, or number of successive suits, against respondent for separate annual installments under the policy was additional ground for invoking the jurisdiction of a court of equity. Illinois Statutory Provisions concerning the "Administration of Estates," *Washington* v. *L. & N. Ry. Co.,* 136 Illinois, 49, 56; *Boyce's Executors* v. *Grundy,* 3 Pet. 210, 215; *Buzard* v. *Houston,* 119 U. S. 347, 352; *Bank of Kentucky* v. *Stone,* 88 Fed. Rep. 383, 392; *Town of Springport* v. *Teutonia Sav. Bank,* 75 N. Y. 397.

Resort to equity was further sustainable on the ground that respondent might lose important evidence through lapse of time. *Boyce's Executors* v. *Grundy,* 3 Pet. 210, 215; *Schmidt* v. *West,* 104 Fed. Rep. 272; *Fuller* v. *Percival,* 126 Massachusetts, 381; 2 Story's Eq. Juris. § 700.

Under the circumstances the discretionary jurisdiction of a court of equity to cancel an instrument obtained by fraud was properly exercised. 2 Joyce on Insurance, §§ 1674–1680; 2 May on Ins. § 573; 2 Story's Eq. Juris. §§ 693, 700; Pomeroy's Eq. Juris. § 912; *Bromley* v. *Holland,* Coop. 9, 21; *The Prince of Wales, etc., Assn. Co.* v. *Palmer,* 25 Beav. 605; *British Equitable Assur. Co.* v. *Great Western Ry. Co.,* 20 Law T. 422; *S. C.,* 38 L. J. (1869) N. S. 132, 314; *Mutual Life Ins. Co.* v. *Pearson,* 114 Fed. Rep. 395; *Union Life Ins. Co.* v. *Riggs,* 123 Fed. Rep. 312.

See, also, cases cited by petitioner. *Insurance Co.* v. *Bailey,* 13 Wall. 616; *Life Ins. Co.* v. *Bangs,* 103 U. S. 780; *Home Ins. Co.* v. *Stanchfield,* 1 Dill. 424; 2 Abb. U. S. 1; 12 Fed. Cas. 449, case 6660.

The power of the Federal court to take jurisdiction of the case and the propriety of its doing so were not affected by the commencement of petitioner's action at law in the state court, nor by the prayer for an injunction, which was not taken by the final decree. There was neither actual nor attempted injunction of state court *proceedings.* The original restraining order was sought against a *party,* and was properly issued; but the final decree contains no injunction at all, though the Federal

court would have had power to order it. *French* v. *Hay*, 22 Wall. 250; *Arrowsmith* v. *Gleason*, 129 U. S. 86, 98–101; *Marshall* v. *Holmes*, 141 U. S. 589, 599–600; *Nat. Surety Co.* v. *State Bank*, 120 Fed. Rep. 593.

Service of process was first had in the equity suit and gave the respondent the better right to proceed, if there were any question of priority involved. But there is no such question in the case, which shows two different suits, for different objects, proceeding, and capable of proceeding, concurrently in two different jurisdictions, the first judgment controlling if properly set up in the other proceeding. *Buck* v. *Colbath*, 3 Wall. 334, 345; *Stanton* v. *Embrey*, 93 U. S. 548, 553; *Ins. Co.* v. *Brune's Assignee*, 96 U. S. 588, 592; *Gordon* v. *Gilfoil*, 99 U. S. 168, 172, 178.

Concurrent suits may proceed in different jurisdictions. *Gates* v. *Bucki*, 4 C. C. A. 116; 53 Fed. Rep. 961, 965; *Short* v. *Hepburn*, 21 C. C. A. 252; 75 Fed. Rep. 113; *Appleton Water Works* v. *Central Trust Co.*, 35 C. C. A. 302, 305; 93 Fed. Rep. 286; *Ogden City* v. *Weaver*, 47 C. C. A. 485; 108 Fed. Rep. 564, 568; *Nat. Foundry & Pipe Works* v. *Oconto City Water Supply Co.*, 51 C. C. A. 465; 113 Fed. Rep. 793, 800; *Martin* v. *Baldwin*, 19 Fed. Rep. 340; *Hurst* v. *Everett*, 21 Fed. Rep. 218; *Sharon* v. *Hill*, 22 Fed. Rep. 28; *Lehman* v. *Rosengarten*, 23 Fed. Rep. 642; *Hospes* v. *O'Brien*, 24 Fed. Rep. 145; *Ball* v. *Tompkins*, 41 Fed. Rep. 486; *Gilmour* v. *Ewing*, 50 Fed. Rep. 656; *First Nat. Bank* v. *Duel Co.*, 74 Fed. Rep. 373; *Bank of Kentucky* v. *Stone*, 88 Fed. Rep. 383, 398. *Farmers' Loan & Trust Co.* v. *Lake Street El. R. R. Co.*, 177 U. S. 51, 60, 61, has no application to this case.

This case was correctly decided upon the merits because:

The testimony shows the concealment of material facts and this was in itself fraud vitiating the policy. 1 May on Ins. §§ 190, 209, 212; 1 Joyce on Ins. § 643; 2 Joyce on Ins. §§ 1844–1849, 1855, 1869; 1 Story Eq. Jur. §§ 215, 216; *M'Lanahan* v. *Universal Ins. Co.*, 1 Pet. 170, 184, 185; *Piedmont, etc., Life Ins. Co.* v. *Ewing*, 92 U. S. 377; *Sun Mut. Ins. Co.* v. *Ocean*

*Ins. Co.,* 107 U. S. 485, 510; *Equitable Life Assurance Co. v. McElroy,* 28 C. C. A. 365; 83 Fed. Rep. 631; *Manhattan Life Ins. Co.* v. *Carder,* 27 C. C. A. 344; 82 Fed. Rep. 986; *Barnes* v. *Fidelity Mut. Life Ins. Assn.,* 43 Atl. Rep. 341 (Penn.); *Life Ins. Clearing Co.* v. *Bullock,* 33 C. C. A. 365; 91 Fed. Rep. 487; *Ely* v. *Hallett,* 2 Caines (N. Y.), 57.

The defence being by way of confession and avoidance it was incumbent upon petitioner to show a full disclosure affirmatively. Underhill on Evidence, § 250; *Elkin* v. *Jansen,* 13 M. & W. 655; *Carroll* v. *Malone,* 28 Alabama, 521.

Neither the disclosure pretended nor any disclosure could have affected the company because of the circumstances surrounding the delivery of the policy, the conditions therein, and in the application, and the limitations upon the agent's authority, of all which the petitioners were cognizant or are conclusively presumed to have been cognizant. *Insurance Co.* v. *Lyman,* 15 Wall. 664; *Insurance Co.* v. *Wolff,* 95 U. S. 326; *Insurance Co.* v. *Mowry,* 96 U. S. 544; *Thompson* v. *Insurance Co.,* 104 U. S. 252, 259; *Insurance Co.* v. *Fletcher,* 117 U. S. 519; *Northern Assurance Co.* v. *Grand View Bldg. Assn.,* 183 U. S. 308; *Paine* v. *Pacific Mut. Life Ins. Co.,* 2 C. C. A. 459; 51 Fed. Rep. 689; *Union Nat. Bank* v. *German Ins. Co.,* 18 C. C. A. 203; 71 Fed. Rep. 473; *Maier* v. *Fidelity Mut. Life Assn.,* 24 C. C. A. 239; 78 Fed. Rep. 566; *United Firemen's Ins. Co.* v. *Thomas,* 27 C. C. A. 42; 82 Fed. Rep. 406; *S. C.,* on rehearing, 34 C. C. A. 240; 92 Fed. Rep. 127; *U. S. Life Ins. Co.* v. *Smith,* 34 C. C. A. 506; 92 Fed. Rep. 503; *Davis* v. *Mass. Mut. Life Ins. Co.,* 13 Blatch. 462; 7 Fed. Cas. 141, case 3642; *Lee* v. *Guardian Life Ins. Co.,* 5 Ins. L. Jour. 26; 5 Bigelow Ins. Cas. 18; 15 Fed. Cas. 158, case 8190.

Even if McCabe's testimony were wholly untrue and Lord had made a full disclosure to McCabe, and McCabe for his own purpose coöperated with Lord in the perpetration of a fraud upon the respondent, the petitioner could derive no benefit thereform. *New York Life Ins. Co.* v. *Fletcher,* 117 U. S. 519, 529; *Northern Assurance Co.* v. *Grand View Bldg. Assn.,* 183

U. S. 308; *Maier* v. *Fidelity Mut. Life Assn.*, 24 C. C. A. 239; 78 Fed. Rep. 566; *U. S. Life Ins. Co.* v. *Smith*, 34 C. C. A. 506; 92 Fed. Rep. 503; *National Life Ins. Co.* v. *Minch*, 53 N. Y. 144; *Ryan* v. *World Mutual Life Ins. Co.*, 41 Connecticut, 168.

As there was no substantial or material fact in controversy, nothing could properly have been submitted to a jury if an action at law had been instituted in the Federal court. It would have been proper to direct a verdict for respondent upon a trial at law. *Pleasants* v. *Fant*, 22 Wall. 116; *Hendrik* v. *Lindsay et al.*, 93 U. S. 143; *Oscanyan* v. *Arms Co.*, 103 U. S. 261; *People's Savings Bank* v. *Bates*, 120 U. S. 556.

There having been no abuse or improper exercise of discretion in taking jurisdiction, and the case having been correctly decided upon the merits, this court, following its uniform practice, should not disturb the decree. *Allis* v. *Ins. Co.*, 97 U. S. 144; *Lancaster* v. *Collins*, 115 U. S. 222, 227; *Rice* v. *Edwards*, 131 U. S. clxxv, clxxvii; *Mo. Pac. Ry. Co.* v. *Fitzgerald*, 160 U. S. 556, 579, 580.

Mr. Justice Peckham, after making the foregoing statement of facts, delivered the opinion of the court.

It is contended, upon the part of the administratrix of the estate of the assured, that the court below had no jurisdiction on the ground that there existed a complete and adequate remedy (or defence) at law when the company was sued upon the policy, and that the effect of allowing this jurisdiction in the Circuit Court is to improperly deprive the defendant herein of a trial by jury.

It is conceded by the plaintiff in error that no cause of action existed in favor of the complainant herein upon the law side of the Federal court, the contention being that the company could set up, as a defence to any action brought against it in the Federal court, those allegations of fraud which, being proved, would constitute a perfect and complete defence to any action upon the policy.

The company, however, avers that the administratrix has elected not to bring her action in the Federal court, although she might have done so on the gound of diversity of citizenship, but has, instead of so doing, brought it in the state court, and hence the company would have no opportunity of setting up its defence in a Federal court in an action brought on the policy, and it insists that on that account it has not that complete and adequate remedy or defence at law, in the same jurisdiction, which it contends is necessary in such case.

It is true that the remedy or defence which will oust an equity court of jurisdiction must be as complete and as adequate, as sufficient and as final, as the remedy in equity, or else the latter court retains jurisdiction, and it must be a remedy which may be resorted to without impediment created otherwise than by the act of the party, and the remedy or defence must be capable of being asserted without rendering the party asserting it liable to the imposition of heavy penalties or forfeitures, arising other than by reason of its own act.

It is also urged, as an answer to the claim of the company, as to jurisdiction, that even though the remedy or defence at law must exist in the same (Federal) jurisdiction, yet it is within the power of the company, if it see fit to do so, to remove the action in the state court to the Federal court, and thus its defence at law, while adequate, would also be within the same jurisdiction in which its suit in equity was commenced.

It is further insisted by the administratrix that it is unnecessary that an action at law should have been commenced in the same jurisdiction, but it is sufficient that the defence would be available and complete if such an action should be commenced in a Federal court of law.

As to the removal of the action from the state to the Federal court, the company avers that, even assuming it had the right so to remove, yet it insists that such removal would be too hazardous to the company by subjecting it to a possible revocation of its license to do business in the State to be of any adequate avail.

It is also argued upon the part of the company that the position of a defendant in an action is not so advantageous as that of a plaintiff, as the plaintiff has the conduct of a cause largely within his own control; and it is said that the law as administered in the state court is not so favorable to insurance companies as is the case in the Federal courts, and that the company had the right to an administration of the law by the Federal instead of the state court by reason of the diversity of citizenship.

These objections are to be considered.

In Hurd's Revised Statutes of Illinois, chap. 73, title "Insurance," in relation to foreign insurance companies, it is provided: That any such company must first file a written application for a license, in which it shall state that it desires to transact the business of insurance, and that it will accept a license according to the laws of the State, "and that said license shall cease and terminate in case, and whenever, it shall remove or make application to remove into any United States court, any action or proceeding commenced in any of the state courts, of this State, upon any claim or cause of action arising out of any business transaction, in fact, done in this State," etc. The statute also provides that if any company thereafter removes or applies to remove into the United States court any action commenced in a state court of the kind above mentioned, "it is hereby made the imperative duty of the auditor of public accounts, at once to revoke, cancel and annul the license issued to such incorporated company, association or partnership; and thereafter no such incorporated company, association or partnership shall transact within this State any business for which it was incorporated until again duly licensed. In case such revocation of license shall be made because of the removal of or the attempt to remove any action from a state court of this State to any United States court no renewal of such license shall be made within three years after such revocation." Provision is also made that if the license is revoked, publication of the fact shall be made in the newspapers.

This court has held that, although there may be power in a Federal court of equity in a proper case to order the delivery up and cancellation of a policy of insurance obtained upon fraudulent representations and suppression of facts, yet it will not generally do so when those representations and suppressions can be perfectly well established in a defence at law in a suit upon the policy, and it, therefore, affirmed a decree which dismissed, without prejudice, a bill filed for obtaining the delivery up and cancellation of a policy so issued, although the evidences of the fraud were considerable and a suit on the policy had been begun in an action at law after the bill in equity was filed. *Insurance Co.* v. *Bailey,* 13 Wall. 616.

That was a suit by the company to obtain the delivery up and cancellation of certain policies of life insurance after the death of the assured, on the ground that the policies had been procured by the defendant, the widow of the deceased, by fraudulent suppression of material facts, and by the misrepresentation of others of the same class. The answer denied the allegations made. It was held that the company would have a perfect defence at law in an action by the holder upon the policy of insurance, and for that reason equity would refuse to take jurisdiction of an action to compel the delivery up and cancellation of the policies. The court said:

"By the death of the *cestui que vie* the obligation to pay, as expressed in the policies, became fixed and absolute, subject only to the condition to give notice and furnish proof of that event within ninety days. Notice having been given and the required proof furnished, the obligation to pay certainly became fixed by the terms of the policies and the sums insured became a purely legal demand, and if so, it is difficult to see what remedy, more nearly perfect and complete, the appellants can have than is afforded them by their right to make defence at law, which secures to them the right of trial by jury. Where a party, if his theory of the controversy is correct, has a good defence at law to 'a purely legal demand,' he should be left to that means of defence, as he has no occasion to resort

to a court of equity for relief, unless he is prepared to allege and prove some special circumstances to show that he may suffer irreparable injury if he is denied a preventive remedy."

To the same effect are *Home Insurance Co.* v. *Stanchfield*, 1 Dillon, 424; *Ætna Life Insurance Co.* v. *Smith*, 73 Fed. Rep. 318.

Complainant insists that in this case special circumstances are shown that it may suffer irreparable injury if jurisdiction be denied. Those special circumstances have already been mentioned and the question is whether they are sufficient to furnish ground for a Federal court of equity to take jurisdiction herein.

We start with the proposition that, to any action brought upon the policy in a Federal court, the company would have a complete and adequate defence by proving the fraud as alleged in the bill herein. That shows a defence in the same jurisdiction resorted to by the complainant herein. It is answered, however, that the action has not been commenced in the Federal court, but, on the contrary, the administratrix has commenced her action in the state court, and hence the defence, if made in the state court, is not in the same jurisdiction as that in which the bill in this case was filed. But the company may bring its defence within the same jurisdiction by removing the case from the state to the Federal court, which it has the right to do on account of the diversity of citizenship of the parties thereto. No stipulation or agreement, founded on a state statute or otherwise, which the company may have entered into could prevent the removal of the case in the exercise of its constitutional right. This has been so held in *Insurance Co.* v. *Morse*, 20 Wall. 445, and that case has been repeatedly approved. See *Doyle* v. *Continental Insurance Co.*, 94 U. S. 535; *Barron* v. *Burnside*, 121 U. S. 186.

In *Doyle* v. *Continental Insurance Co.*, supra, it was held that a State had the right to impose conditions not in conflict with the Constitution or the laws of the United States, to the transaction of business within its territory by a foreign insur-

ance company, and to exclude such company from its territory, or, having given a license, to revoke it, with or without cause, and it was further decided that an injunction to restrain a state officer from revoking and cancelling a license to a foreign company to do business within the State, because the company has, contrary to the state statute, removed a case from the state to the Federal court, would not be granted, and it was remarked that, as the State had the right to exclude a foreign insurance company, the means by which she caused such exclusion or the motives of her action were not the subject of judicial inquiry. Whether this case has been shaken by the subsequent cases of *Barron* v. *Burnside,* 121 U. S. 186, 199; *Blake* v. *McClung,* 172 U. S. 239, 254, and *Dayton Coal & Iron Co.* v. *Barton,* 183 U. S. 23, 25, it is not material here to discuss. It has from an early day been held that a corporation created by one State could transact business in another State only with the consent, expressed or implied, of the latter State, and that such consent might be accompanied by such conditions as the latter State might think fit to impose, provided they were not repugnant to the Constitution or laws of the United States, or inconsistent with those rules of public law which secure the jurisdiction and authority of each State free from encroachment by all others, or that principle of natural justice which forbids condemnation without opportunity for defence. *Lafayette Insurance Co.* v. *French,* 18 How. 404, 407; *Waters-Pierce Oil Co.* v. *Texas,* 177 U. S. 28; *New York Life Insurance Co.* v. *Cravens,* 178 U. S. 389, 401; *Hancock Mutual Life Insurance Co.* v. *Warren,* 181 U. S. 73, 76.

One thing is entirely clear, that the company could have removed this case from the state to the Federal court, notwithstanding the state statute or anything contained in its application for a license to do business within the State. Upon removal the company would have the full and adequate defence under the law as administered by the Federal courts that it would have in the equity case. Whether, as a result of such removal, the State would have the right by reason of the stat-

ute to revoke the license given to the company, is not a ques-
tion which it is necessary for us to here discuss or determine.
But assuming the right of removal, the company says that it
may thereby subject itself to a revocation of its license, or at
least to litigation, to prevent the state authorities from revok-
ing it, and it ought not to be put to any such litigation or
possible injury or inconvenience.

The embarrassment attaching to the complainant herein on
account of a removal, if any, is one of its own creation. As a
condition upon which it was admitted to do business in the
State, it voluntarily signed the application, in which it prom-
ised to accept a license according to the laws of Illinois, and
agreed that the license should terminate in case the company
should remove any action commenced in the state court to the
United States court, as already stated. We think the exist-
ence of these facts furnishes no ground for appealing to a
Federal court of equity to take jurisdiction of a suit to cancel
the policy, where otherwise the court would have none. The
state statute could not prevent the removal. If, because of a
removal, ground was furnished for the revocation of the license,
that fact would not justify a resort to a Federal court and
ought not to, because, as we have said already, the contin-
gency is one of the complainant's own creation, and it ought
not, therefore, to be able to avail itself of an embarrassment
which it has voluntarily created, as a foundation for jurisdic-
tion in a Federal court which would not otherwise exist.

It signed its application to do business in order to come into
the State and reap the profits which it thought it might earn
by transacting its business in the State. There was no coercion
upon it to make the application or to take the permit on the
condition stated. Upon the whole, it chose to make such
application and receive the license upon that condition.

If the condition be illegal and no ground for a revocation of
the license, any subsequent litigation which the company may
have by reason of such removal with the state officials to
prevent the revocation of the license on that account is still

matter caused by its own action, and cannot, in our judgment, furnish any ground for jurisdiction in the Federal courts.

Still less do we think that any foundation is laid for that jurisdiction based upon the theory that the company would not have the same control of the case as a defendant that it would as plaintiff. That is not the case in modern practice. The defendant can urge the case to trial against the desires of the plaintiff, and its defence may be shown as well and conveniently by a defendant, as the cause of action may be shown by the plaintiff. The right of the plaintiff to discontinue the action does not furnish ground for equitable jurisdiction. If it did, then equity would always have jurisdiction and the rule would be worthless.

The other ground stated as furnishing a special circumstance to show that complainant may suffer some irreparable injury if equity does not take jurisdiction, viz., that the law is more favorable to insurance companies as administered in the Federal than in the state court, and, therefore, equity ought to take jurisdiction in this case, upon the ground of the diversity of citizenship, cannot be regarded for a moment.

It is immaterial whether the assertion be conceded or denied. It furnishes no ground for equitable jurisdiction in a case like this. Where a plaintiff in a state court, which has jurisdiction over the subject-matter, brings the defendant properly within such jurisdiction, he is entitled to a trial of his cause in that court, unless the case be removed to a Federal court upon some constitutional ground. If that ground exist, the removal can be made, but if it do not, equitable jurisdiction does not accrue to a Federal court because it is thought the law as administered by that court is more favorable to the party seeking its aid.

We think that, within the rule in *Insurance Co.* v. *Bailey, supra,* the Circuit Court has no jurisdiction in this case. The judgment of the Circuit Court of Appeals for the Seventh Circuit and of the Circuit Court for the Northern District of Illinois must, therefore, be reversed, and the case remanded to

the Circuit Court with directions to dismiss the bill, without prejudice.

*It is so ordered.*

MR. JUSTICE HARLAN and MR. JUSTICE WHITE, dissented.