RIGGS et al. v. UNION LIFE INS. CO. OF INDIANA. SAME v. AMERICAN CENT. LIFE INS. CO. SAME v. FIDELITY MUT. LIFE INS. CO. SAME v. NORTHWESTERN NAT. LIFE INS. CO. SAME v. HARTFORD LIFE INS. CO.

(Circuit Court of Appeals, Eighth Circuit. March 23, 1904.)

Nos. 1,947–1,951.

1. INSURANCE POLICY—FRAUD—REMEDY AT LAW BEFORE LOSS—JURISDICTION IN EQUITY.
   Before a loss under a policy of insurance, the company which issued it has no adequate remedy at law for fraud, false representations, or concealments which procured its issue, and a federal court has jurisdiction in equity of a suit for the surrender and cancellation of the policy.

2. SAME—REMEDY AT LAW AFTER LOSS.
   After a loss under a policy of insurance, the company which issued it ordinarily has an adequate remedy at law for fraud, false representations, or false concealments which procured its issue by presenting them as a defense to any action that may be brought upon the policy, so that a suit in equity for its surrender and cancellation, commenced after the loss, cannot be maintained in the federal courts in the absence of special facts or circumstances invoking jurisdiction in equity.

3. SAME.
   The fact that the action at law on the policy will be brought in a state court does not render the remedy of the company at law in the federal court so inadequate that a suit in equity to avoid the policy, commenced after the loss, may be maintained, where the company has the right to remove the action at law from the state to the federal court.

4. SAME.
   Nor does the fact that the license of the company to do business in the state in which the action at law is to be commenced will be revoked if the company removes that action to a federal court render its remedy at law in the federal court so inadequate as to give that court jurisdiction in equity of a suit to cancel the policy.

(Syllabus by the Judge.)

Appeals from the Circuit Court of the United States for the Western District of Missouri.

For opinion below, see 123 Fed. 312.

Kendall B. Randolph and R. A. Hewitt, Jr. (W. H. Haynes, James T. Blair, and William M. Fitch, on the brief), for appellants.

W. A. Kerr, Augustin Boice, and Stephen S. Brown (John E. Dolman, on the brief), for appellees.

Before SANBORN, THAYER, and HOOK, Circuit Judges.

¶ 1. See Cancellation of Instruments, vol. 8, Cent. Dig. § 13.

SANBORN, Circuit Judge.  These are appeals from orders of the Circuit Court, which granted to the insurance companies interlocutory injunctions against the executors of the last will of Eber B. Roloson and others, who were defendants in these suits in the court below.  The injunctions forbid the executors or their codefendants to bring actions at law upon or assign their claims against the insurance companies which are based upon policies of insurance issued by the latter upon the life of Eber B. Roloson, who died on February 28, 1903.  The bills in these cases were first exhibited after the death of Roloson.  In them the complainants, the insurance companies, allege that they are corporations organized under laws of states other than the state of Missouri, that the defendants are citizens of the latter state, that the amount in controversy in each of the suits is more than $2,000, that the defendants in each case conspired together to procure and did procure the complainant in that case to issue a policy or policies of insurance which constitute the subject of that suit by fraudulent representations and concealments, that the complainants have procured their licenses to do business in many of the states upon the condition that they will not remove actions or suits brought against them in the courts of the states to the courts of the nation, and that the executors will, if not enjoined by the court, assign their claims under the policies, and cause actions to be brought upon them in the courts of some state, so that the insurance companies cannot remove these actions to the federal courts without incurring the penalty of a revocation of their licenses to do business in that state.  No demurrers or answers were interposed in these suits, and the cases stand upon the bills and upon the orders for the injunctions.  These orders are challenged by the defendants on the ground that the complainants had an adequate remedy at law, so that the court below was without jurisdiction of the suits in equity, because, if the insurance companies are sued upon the policies, they may remove the actions to the federal courts, and the fraudulent representations and concealments which induced the issue of the policies will constitute perfect defenses to those actions.

Whatever doubt there may have been of the jurisdiction in equity of the court below over these suits when the learned District Judge considered that question and issued the injunctions has been dispelled by the later decision of the Supreme Court in Cable v. U. S. Life Ins. Co., 191 U. S. 288, 24 Sup. Ct. 74, 48 L. Ed. 188.  Before the loss under an insurance policy occurs, a company has no adequate remedy at law for the fraudulent representations or concealments which induce its issue, because an estoppel from denying its validity may arise in favor of third persons who advance their money in reliance upon it, and because the time when an opportunity will be offered to establish the fraud as a defense to an action upon the policy is so remote and uncertain that indispensable witnesses and evidence may, and probably will, disappear before the opportunity will be offered.  Hence a federal court sitting in equity has jurisdiction of a suit instituted before the loss under a policy occurs to compel its cancellation and surrender on account of fraud or misrepresentation in its procurement, and after the court has thus acquired jurisdiction by the commencement of the suit before loss it may proceed to a final decree, although the

loss occurs during the pendency of the suit, and before the final hearing. Bacon on Benefit Societies and Life Insurance, § 285; Hamilton v. Cummings, 1 Johns. Ch. 517; Home Ins. Co. v. Stanchfield, 12 Fed. Cas. 449, No. 6,660; Benefit Ass'n v. Parks, 81 Me. 79, 16 Atl. 339, 10 Am. St. Rep. 240.

But the decision of the Supreme Court in Cable v. U. S. Life Ins. Co. has placed this proposition beyond doubt or debate: After a loss under a policy the remedy of the insurance company at law for fraud, false representations, or concealments which induced its issue by presenting them as a defense to the action that may be brought upon the policy is not inadequate because that action may be brought in a state court, where the defendant will have the right to remove it to a federal court, although its removal to the latter court may result in a revocation of the license of the insurance company to do business in that state, nor because a defendant has no choice of the time or place of the commencement of such an action, and less control of its conduct than the plaintiff, and a suit in equity to cancel the policy and to prevent an action at law upon it cannot be maintained in the federal courts upon these grounds. The jurisdiction of the court below in equity is invoked for no other reason that is worthy of consideration or discussion, and the orders which granted the injunctions must be reversed, and the cases must be remanded to the Circuit Court for further proceedings not inconsistent with the views expressed in this opinion, upon the authority of Cable v. U. S. Life Ins. Co., 191 U. S. 288, 24 Sup. Ct. 74, 48 L. Ed. 188; and it is so ordered.