## BRONSON v. COOK.

### (District Court, N. D. Georgia. December 12, 1917.)

1. **CANCELLATION OF INSTRUMENTS** ⬅13—**JURISDICTION—ADEQUATE REMEDY AT LAW.**

   Plaintiff, asserting that defendant, through fraud, induced her to execute a note payable to him, to pay at that time a sum of money in cash and to give defendant an agreement to purchase corporate stock, sought to enjoin suit on the note which it was alleged would be brought in New York, as well as suit on the agreement to buy the stock and to have the note and the agreement brought into court and canceled, and to recover the amount of payments. Under Judiciary Act Sept. 24, 1789, c. 20, 1 Stat. 73, if a right asserted is one which a court of law can grant as plain, adequate, and complete relief as the holder of the right is entitled to without aid of court of equity, the person asserting such right must proceed in a court of law. *Held*, that as, when action is brought on a note and contract to purchase stock, plaintiff can set up any fraud in defense of such actions, even though the action be one at law, equity is without jurisdiction to grant plaintiff relief.

2. **EQUITY** ⬅51(2)—**INJUNCTION—RIGHT TO MAINTAIN.**

   In such case, plaintiff is not entitled to relief on the ground of multiplicity of causes of action.

3. **JURY** ⬅12(1)—**JURY TRIAL—RIGHT TO.**

   In such case, in view of the issues of fact as to fraud, the parties are entitled to trial by jury.

In Equity. Suit by Mrs. Florence Cook Bronson against Edward Knox Cook. On application for an injunction. Application denied, and petition dismissed.

Edgar Watkins, of Atlanta, Ga., for plaintiff.
King & Spalding, of Atlanta, Ga., for defendant.

NEWMAN, District Judge. The case made here is: That the plaintiff gave to the defendant, on the 29th day of January, 1917, a note for $21,000, paying, at the same time, $5,500 in cash, and gave him an agreement to purchase certain stock of the Knox Hat Company. That afterwards, on the 1st day of March, she paid him $6,000 on the $21,000 note. The plaintiff now claims that while she was sick in a hospital in New York, and in a serious condition physically, having undergone an operation, and in such mental condition, on account of her sickness and trouble, that she was not really responsible for her acts, she was overreached and unduly influenced by the defendant, her brother, into paying him the money and giving the note and agreement to purchase the stock.

The plaintiff and the defendant are brother and sister, and Edward M. Knox, the noted hatter, was their uncle, and the defendant Edward Knox Cook, was at one time made a legatee, and was to receive a share of Mr. Knox's estate at the death of the latter, but the will was subsequently changed, and the defendant Cook was cut out entirely in the changed will; the plaintiff, Mrs. Florence Cook Bronson, remaining and continuing to be recognized by the will for a considerable

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

distributive share of the estate, being, I believe, residuary legatee, at all events, being considerably interested in the estate.

[1] The contract alleged to have been made between them on January 29, 1917, was in settlement of a claim of the defendant, Edward Knox Cook, against the estate for, as well as I understand it, certain services he claimed to have rendered the estate, and probably for services he had rendered to Mr. Knox in the business and in the sale of the Knox Hat Company. There is considerable evidence by affidavit pro and con as to the fairness or unfairness of the agreement which resulted in the giving of the note, the payment of the money, and the agreement to purchase stock. It is not necessary, however, that the merits of the matter should be considered here, because I am perfectly satisfied that this is not a case of which a court of equity should take cognizance.

The effort here is to enjoin a suit on this note, which it is said will be brought in New York, and also a suit on the agreement to buy stock, and to have the note and the agreement to purchase stock brought into court and canceled and annulled, and that the plaintiff recover of the defendant the $5,500 which she paid him on the 29th of January, and the $6,000 subsequently paid on the note on March 1, 1917. I think, if the defendant brings a suit on the note and the agreement to purchase stock, everything set up here by Mrs. Bronson can be set up and pleaded as a defense to such suit in a court of law.

Under the Judiciary Act of 1789, if a right asserted is one in which a court of law can grant as "plain, adequate and complete relief as the holder of the right is entitled to, without the aid of a court of equity, the person asserting such right must proceed in a court of law." Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. 249, 30 L. Ed. 451, and cases cited by Mr. Justice Gray, delivering the opinion. When suit is brought on the note and the contract to purchase the stock, in question here, certainly Mrs. Bronson can set up everything she has brought forward here, in defense to those suits. See, also, Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; and also, on this subject, see the very interesting case of Niagara Fire Ins. Co. v. Adams, 198 Fed. 822, 117 C. C. A. 464, and especially the discussion by Circuit Judge Putnam in delivering the opinion of the Circuit Court of Appeals for the First Circuit; also see Cable v. United States Life Ins. Co., 191 U. S. 288, and in the opinion by Mr. Justice Peckham, at page 309, 24 Sup. Ct. 74, 48 L. Ed. 188.

[2] Neither do I think there is danger of such a multiplicity of suits in connection with this matter as would justify the interference of a court of equity. Nor does it seem to me there is any difficulty about the right of Mrs. Bronson to assert all the matters she sets up here by way of defense to an action at law in this court; that is, in the United States District Court. It is a plain suit on a promissory note for a definite amount of money, against which she can plead as perfectly as she could in equity, and prove, that the note was obtained from her by fraud, and was wholly without consideration, and the other matters she sets up here. So, also, with the suit on the contract to purchase stock. To that she would have as complete a defense, it seems, as she would to the suit on the promissory note.

The right of the court to go on with this case on the equity side is definitely and fully raised in the pleadings, and my determination of the case is upon the ground that it does not present a case of which a court of equity should take cognizance. I think the remedy at law is ample and complete. While the plaintiff makes a strong case here, it is unnecessary to pass upon the merits of the matter. I simply decide it, as stated above, upon the ground that a case is not made for a court of equity.

[3] In addition to this, it seems to me to be conclusively a matter where the defendant, as well as the plaintiff, would be entitled to the benefit of a jury trial, and that they will obtain in a suit at law. The prayer for an injunction is denied, and the restraining order heretofore granted is vacated and set aside.

For the reason stated, that it is not a case in which a court of equity should take jurisdiction, a decree may be taken dismissing the petition.