### HARWI v. METROPOLITAN LIFE INS. CO.

(District Court, D. Kansas, First Division. April 1, 1924.)

No. 2579.

1. **Cancellation of instruments** ⬸13—**After insured's death, insurer cannot sue for cancellation of policy on ground of fraud, in absence of incontestable clause.**

In the absence of a provision making the policy incontestable after a certain period, insurer, after insured's death, cannot sue in equity to cancel the policy on the ground of fraudulent misrepresentations of material facts in obtaining it, since such defense is available to insurer in an action at law on the policy.

2. **Cancellation of instruments** ⬸13—**After insured's death, insurer may sue to cancel policy for fraud before 2 year incontestable clause takes effect.**

After insured's death, insurance company may sue in equity to cancel the policy on the ground of fraudulent misrepresentations of material facts in obtaining the policy, in order to avail itself of such defense within the two years after which the contract provides that the policy shall be incontestable, except for nonpayment of premiums.

At Law. Action by F. E. Harwi, administrator, against the Metropolitan Life Insurance Company. On motion to dismiss defendant's cross-bill. Order in accordance with opinion.

Waggener, Challiss & May, of Atchison, Kan., for plaintiff.

Haff, Meservey, Michaels, Blackmar & Newkirk, of Kansas City, Mo., for defendant.

⬸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

POLLOCK, District Judge. [1, 2] This case raises a very intricate and delicate question whether an insurance company may bring suit in equity to cancel its policy of insurance on the ground of fraud or misrepresentation of material facts in obtaining it after the death of the assured, in order to avail itself of such defense within the period of two years after which period the contract provides the policy shall be incontestable for cause other than failure to pay the annual renewal premiums.

In the absence of such an incontestable clause in the contract, it is quite well settled such suit cannot be maintained after the death of the assured, for the reason such ground of defense is open in an action at law on the policy. Cable v. United States Life Ins. Co., 191 U. S. 288, 24 Sup. Ct. 74, 48 L. Ed. 188; Riggs v. Insurance Co., 129 Fed. 207, 63 C. C. A. 365. However, under such policies as those involved in this case, unless an action at law may be instituted within two years from date of policy, the incontestable clause cuts off the making of such defenses. Mutual Ins. Co. v. Hurni Co., 263 U. S. 167, 44 Sup. Ct. 90, 68 L. Ed. ——.

Whether prudent on the part of insurance companies to include such an incontestable provision in their contracts, or the contrary, yet, having incorporated such clause in the contract, the right to make such defense should be open to the insurance company during the two-year contestable period, in order to prevent fraud and deceit in obtaining the contract, either in defense of an action at law on the contract, or by bill in equity or cross-bill, as in this case.

To insure to defendant such right of defense the order in this case will be, as follows: The cross-bill will be transferred to the equity side of the court, and there docketed as an independent case against the plaintiff herein, to await the trial and decision of this action at law, wherein the fraud and misrepresentation is pleaded by way of defense.

It is so ordered.