CONTINENTAL CASUALTY CO. v. YERXA.

(District Court, D. Massachusetts. December 16, 1926.)

No. 2717.

1. Cancellation of instruments ⊂⊃13—Life policy may be canceled for fraud before death of insured, but not after, when legal defense is adequate remedy.

In cases of life insurance, where insured has died and claim has been made on policy, defense to policy on ground of fraud can be made in action at law, precluding suit in equity to cancel policy, which may, however, be maintained, if insured is alive.

2. Cancellation of Instruments ⊂⊃13—Insurer held to have adequate remedy at law, precluding suit to cancel health and accident policy for fraud after insured became insane.

Insurer under accident and health policy, wherein insured's guardian is claiming monthly indemnity for total disability by reason of insanity, held to have adequate remedy at law, in that special finding of jury on claim for monthly payment would bar actions for later payments, and suit in equity to cancel policy on ground of fraud was thereby not warranted.

**3. Equity ⊂⇒377—Framing of special issues is discretionary.**

Framing of special issues is discretionary with trial judge.

**4. Equity ⊂⇒46—It will be assumed that law courts, if capable, will deal with controversy, to afford complete remedy for fraud.**

It will be assumed that law courts will deal with controversy in such way as to afford complete and adequate remedy for fraud, when they are capable of doing so.

**5. Cancellation of instruments ⊂⇒13—Adequacy of insurer's remedy at law held question of fact.**

Whether insurer in health and accident policy, where insured's guardian claimed monthly indemnity, has complete and adequate remedy at law, *held* a question of fact.

In Equity. Suit by the Continental Casualty Company against Ethel B. Yerxa, as guardian. On defendant's motion to dismiss. Bill dismissed.

Joseph Wentworth, of Boston, Mass., for plaintiff.

Edmund K. Arnold, of Boston, Mass., for defendant.

MORTON, District Judge. The present question arises on a motion to dismiss in the nature of a general demurrer to the plaintiff's bill.

The facts alleged in the bill may be summarized as follows: Herbert Yerxa applied to the plaintiff on June 12, 1922, for accident and health insurance. In his application he made certain material statements and warranties about his previous health. The company accepted the application and issued the policy in ignorance of the fact, which the applicant fraudulently concealed, that he had previously suffered from insanity and had been confined in an insane hospital. In September, 1925, the insured became violently insane and was committed to a hospital, where he has since been. His guardian is claiming the stipulated indemnity for total disability, viz. $500 per month, for the duration of the disability. The policy as written lasted only one year, but it was subject to the right of renewal upon payment of the annual premium until the insured should reach the age of 60 years; he is now 50. It is not under seal. Upon discovery of the fraud which had been perpetrated upon it, the plaintiff filed its present bill, seeking cancellation of the policy. The defendant is the insured's guardian. She moves to dismiss upon the ground that no cause for equitable relief is stated; the plaintiff having, as she asserts, a complete and adequate remedy at law.

[1] It is settled that in cases of life insurance, where the insured has died and claim has been made upon the policy, the defense that the policy was fraudulently procured can be made in an action at law upon it, and consequently that under such circumstances a suit to cancel the policy will not be entertained. Insurance Co. v. Bailey, 13 Wall. 616, 20 L. Ed. 501; Cable v. U. S. Life Ins. Co., 191 U. S. 288, 24 S. Ct. 74, 48 L. Ed. 188. On the other hand, it is also settled that, where the loss has not yet occurred, such a suit may be maintained. Boyce v. Grundy, 3 Pet. 215, 7 L. Ed. 655; Buzard v. Houston, 191 U. S. 347, 352, 7 S. Ct. 249, 30 L. Ed. 451. The underlying principle is that a party is entitled to relief in equity from the menace of an outstanding and continuing contract induced by the fraud of the other party to it; but where the contract has ceased to be continuing, having ripened into a completed claim for a money payment, a suit to cancel will no longer be allowed, because the fraud can be shown as a defense to an action at law upon the contract.

Under the present contract a fresh installment of indemnity may be claimed each month, and the plaintiff contends that upon the principle just stated it is entitled to relief in equity. For the insured, it is said, first, that the bill shows on its face that the policy is no longer a continuing contract, having lapsed for nonpayment of the premium due on July 31, 1926; that the bill, which was filed August 11, 1926, alleges that the last premium was paid July 31, 1925; and the policy, a copy of which is annexed, shows that on such facts it lapsed for nonpayment of premiums. And, second, that the basic right of the insured to recover is the same as to all installments, and the trial of that question as to a single installment in an action at law would create an adjudication binding upon both parties, so that there is no occasion for equitable relief. [2] I assume that the suggestion as to lapse is not made as mere verbalism, and that the policy has in fact lapsed, as the allegations of the bill indicate. If so, claims upon it are limited to disability occurring before July 31, 1926. For such disability, if the policy be valid, the company must continue to pay as therein stated. In this sense it is a continuing contract. To each claim for a monthly payment the company may reply both that the policy was void for fraud and that no disability exists. On such pleadings a general verdict for the defendant would not bar actions by the insured for later payments, because it would be impossible to

prove on which ground the verdict rested. Russell v. Place, 94 U. S. 606, 24 L. Ed. 214. A special finding by a jury would supply this lack, and make a single trial at law conclusive on both parties as to the validity of the policy.

[3, 4] Of course, the framing of special issues is discretionary with the trial judge, and there can be no absolute certainty that he would so deal with the case. But I cannot shut my eyes to the fact that they are in common use, and that it is very improbable that the trial judge would not submit them in a case of this character. With them the plaintiff's remedy at law is adequate and complete. The litigation is of a sort which in this state is customarily tried to a jury. A verdict for the insured would, of course, settle the validity of the policy. The possibility of the case being tried without special issues and resulting in a verdict for the defendant, and of subsequent cases being brought upon the policy, thereby harassing the present plaintiff by repeated litigation, seems to me quite unsubstantial. The law courts are capable of dealing with the controversy in such a way as to afford a complete and adequate remedy for the fraud of which the present plaintiff complains. It is to be assumed that they will do so.

[5] Whether the plaintiff in a suit of this character has a complete and adequate remedy at law is in reality a question of fact (Niagara Fire Ins. Co. v. Adams [C. C. A.] 198 F. 822, opinion of Dodge, J., at 823, 824), although this aspect of the matter has not always been kept in mind. Some cases grounded on fraud are so complicated that they cannot be properly tried by a jury, while others are so simple as to be well within the powers of the average jury. This case belongs, in my opinion, to the latter class. The plaintiff has failed to show that it has not a complete and adequate remedy at law.

I therefore find and rule that no case for equitable relief is stated in the bill and that the motion to dismiss must be granted.

Bill dismissed.