The Chief Justice
delivered the opinion of the court.
This was an action of covenant, upon an article of agreement, executed by both parties and bearing date the 8th day of August, 1818.
The plaintiff on his part covenanted to build a boat of a certain description, for the defendants, and to deliver the same in Nolin, at the mouth of Canolaway, on the first day of December ensuing the date of said covenant, and the defendants on their part covenanted to pay the plaintiff for said work ninety dollars, on or before the first day of May, ensuing the dale of said covenant; but with a provision that should they pay to the plaitiff, on the day of the delivery of the boat, $45, in good saddles, they were at liberty to do so.
The plaintiff in his declaration, avers that he built a boat of the description mentioned in the covenant and delivered the same to the defendants in Nolin, at the mouth of Canolaway, on the day of which the defendants then and there received, in full discharge of the covenant, the plaintiff was bound to perform, and be concludes by assigning a breach of the covenant, on the part of the defendants in their failure to pay the stipulated price.
If def'ts liability depn'ds on a previous act to be done by the pl'tiff the pltff must aver the performance of the act, and if the day of performance is essential, the declaration must not be left blank vid 1 Marsh Kessinger vs Mumford 256 ante Elliot vs Carneal acc.
The performance of the precedent condition at a different day from that agreed on is no compliance therewith, tho’ accepted by defendant and will not lay the foundation of a suit on the covenant, but suit should be brought on the subseq'nt agreement, (either expressed or implied) by which the act was received as a disch'ge.
Hardin for appellant
The defendants pleaded in substance, that the plaintiff did not make a boat of the description in the covenant mentioned, and deliver her to the defendants at the place and on the day in the covenant mentioned, &c.
To this plea, the plaintiff demurred, and on the demurrer, the Circuit court gave judgment for the defendants, from which the plaintiff has appealed to this court,
It is obvious that the performance of the covenant on the part of the plaintiff, was a condition precedent to the performance of the covenant, on the part of the defendants, for the time when the defendants were bound to make the stipulated payment was subsequent to the day on which the plaintiff was bound by his contract, to deliver the boat, and it is a settled rule, when a time is appointed for the performance of the defendant’s contract, which is not to happen until after the time when the contract on the part of the plaintiff, is to be performed, that no action can be supported until the plaintiff has performed his part of the contract.
It was necessary for the plaintiff therefore, to aver a performance or shew some sufficient excuse, for a non performance of the contract, on his part. The latter he has not attempted, but alledges the former, and to that allegation the plea of the defendants is a sufficient response. The plea it is true denies that the boat was delivered to them, at the place and on the day, specified in the covenant, whereas the plaintiff leaves the day blank, on which he avers the delivery of the boat, to have been made. But the delivery of the boat on any other day than that on which the plaintiff had contracted to deliver it was not a performance of his covenant no more than the delivery of it at any other place, would have been, and it is only by supplying the blank in the declaration, with the day specified in the covenant, for the delivery of the boat, that the declaration can be deemed sufficient.
The defendants were evidently not bound to receive the boat at any other time than that specified in the contract, and if they did so, it must have been in consequence of some subsequent agreement, either express or implied, and upon that agreement, and not upon the covenant, declared on, should the plaintiff have sought his remedy.
Judgment affirmed with costs.