JUDGE HINES
delivered the opinion of the court.
Appellant alleges in his petition that as accommodation indorser for Robt. T. Cummings, he was compelled to pay the sum of $500, and that appellee in consideration of an agreement on the part of appellant to dismiss certain actions then pending against Cummings et ah, and upon the further agreement “ to use every legal and proper endeavor to have dis *507 missed ” certain penal or criminal prosecutions then pending against Cummings, undertook and agreed to .repay appellant the sum that he had thus been compelled to pay for Cummings. In these several paragraphs appellant charges a performance of his part of the agreement in reference to the dismissal of the civil actions and of the criminal prosecutions in the following manner: “ Plaintiff says that he did these things and complied with these stipulations;” “ Plaintiff says that these conditions were also complied with by Averbeck;” “ These stipulations were performed as agreed.” The petition concludes by charging a breach on the part of appellee, exhibits the written agreement containing the stipulations mentioned, as a part thereof, and concludes with a prayer for judgment against appellee. To this petition a general demurrer was sustained and an appeal taken to this court.
Two questions are suggested in briefs of counsel:
First. Are the allegations of the petition, as to the performance of the conditions upon which appellee was to pay the sum sued for, sufficient to authorize a recovery?
Second. Does the stipulation on the part of appellant that he “will use every legal and proper endeavor to have the criminal prosecutions dismissed,” render the entire agreement void?
As to the first inquiry, at common law it was ordinarily required of the pleader not only to make an allegation of the performance of a condition precedent, but a statement of the time and manner of its performance, or an excuse for nonperformance, in order that the court might determine, as a matter of law, whether the intention of the covenant had been fulfilled, and in order that a traversable issue might be presented. Such were the rulings of this court prior to the adoption of the Civil Code of 1851. (Stuteville v. Miles, 2 Mar. 425; Read v. Cisney, 4 Litt. 137; Perrin v. Thurman, 4 Mon. 176; Alexander v. Wales, 6 Mon. 324.)
*508 That rule of pleading was changed by section 149 of the Code referred to, which is as follows:
“ In pleading the performance of a condition precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part,” etc.
That provision is not found in the Code of 1877. Its omission must be construed as an intention to restore, in such cases, the common-law rule of pleading as it had been interpreted by this court prior to the adoption of the Code of 1851.
In this case the term at which the order was to be made dismissing the causes, as well as the nature of the order to be entered, were specified in the agreement mentioned. Without an allegation as to the time of dismissal, and as to the character of the order entered, the court can not determine whether there has been a compliance, nor can the defendant join issue. For these reasons the demurrer was properly sustained.
It is equally clear that, upon the second ground, the demurrer was properly sustained. It is well established that every contract, the consideration of which is an agreement to impede, hinder, or defeat the administration of the criminal or penal laws, is void as against public policy. It does not avail that, in this instance, there is a sufficient consideration, independent of this vicious agreement, to support the contract. A part of the entire consideration being vicious, the whole contract is void. (Kimbrough v. Lane, &c., 11 Bush, 558.)
Nor is it material that the undertaking was to use only “ legal and proper endeavors ” to end the prosecutions. In • such cases the law does not look to the means to be employed, but to the end to be accomplished. (Tool Company v. Norris, 2 Wall. 55.)
Wherefore the judgment is affirmed.