## Mounts, et al. v. Charles.

(Decided March 12, 1920.)

### Appeal from Pike Circuit Court.

1. Appeal and Error—Absence of Appeal and Cross-Appeal—Right of Review.—A judgment will not be reviewed in the absence of an appeal or cross-appeal.

2. Limitation of Actions—Pleading—Necessity of Pleading Avoiding the Statute.—Where in an action to set aside a conveyance on the ground of fraud the defendant relies on the plea of limitations and alleges that the fraud, if any, was perpetrated more than five years before the institution of the action, the plea will prevail unless it is avoided by a reply showing that the action was brought within five years after plaintiff discovered the fraud, and they could not by reasonable diligence have discovered it sooner.

3. Contracts—Invalidity—Enforcement.—Where a conveyance is made to a grantee in consideration of his agreement to defeat the administration of the criminal laws, and the grantors are in pari delicto with the grantee, the courts will not grant them relief by cancelling the deed, but will leave them where they have placed themselves.

WHITT & SHANNON and R. H. COOPER for appellants.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On January 21, 1902, K. F. Mounts, Jacob Mounts, Dorsey Mounts, Dolly McCoy and Lizzie Wolford, for the recited consideration of $50.00, conveyed to J. H. Charles and Elmira Mounts their interests in certain lands which descended to them on the death of their father, Asberry Mounts. On January 31, 1908, the

grantors brought suit to set aside the conveyance. On final hearing the deed was set aside as to Dorsey Mounts and Lizzie Wolford on the ground of infancy, but the other plaintiffs, Jacob R. Mounts, K. F. Mounts and Dolly McCoy, were denied the relief prayed for against J. H. Charles and they appeal.

No appeal or cross appeal having been prosecuted by J. H. Charles against Dorsey Mounts and Lizzie Wolford, that part of the judgment canceling the deed as to them is not reviewable.

The petition charged in substance that the deed was obtained by fraud, that the recited consideration was not true, but that the real consideration was as follows: Jacob Mounts and K. F. Mounts had been indicted for murder in the Pike circuit court, and J. H. Charles induced plaintiffs to sign the deed by representing to them that if they would convey him the land, he could and would get K. F. Mounts and Jacob Mounts out of the trouble at the next term of court, which he failed to do. In addition to denying the allegations of the petition, Charles pleaded that the fraud, if any, occurred more than five years before the institution of the action. While this plea was denied, plaintiffs alleged no facts avoiding the application of the statute. It is the settled rule in this state that where, in an action brought for relief on the ground of fraud, the defendant relies upon the statute of limitations and alleges that the fraud was perpetrated more than five years before the action was instituted, the plea must prevail unless it is avoided by a reply, showing that the action was brought within five years after plaintiffs discovered the fraud, and that they could not by reasonable diligence have discovered it sooner. Childers v. Bales, 124 S. W. 295; Yeager's Admr. v. President of Bank of Kentucky, 125 Ky. 177, 100 S. W. 848.

But it is insisted that the consideration for the conveyance was the agreement of defendant to defeat the administration of the criminal laws, and therefore the contract was void as against public policy Whether the facts bring it within the rule laid down in Averbeck v. Hall, 14 Bush 505, it is unnecessary to decide, for if it be conceded that such is the case, it is also true that plaintiffs were themselves parties to the illegal agreement, and were therefore in *pari delicto* with defendant. That being true, the courts will not afford them any relief by

cancelling the conveyance, but will leave them where they have placed themselves. J. H. Fields & Son v. E. G. Holland & Son, 158 Ky. 544, 165 S. W. 699; Howe's Exor. v. Griffin's Admr., 126 Ky. 373, 103 S. W. 714; Archie v. Brown, 183 Ky. 592, 209 S. W. 522.

Judgment affirmed.