## MASSACHUSETTS PROTECTIVE ASS'N, Inc., v. STEPHENSON.

### No. 1441.

District Court, E. D. Kentucky.
Oct. 31, 1933.

Bruce & Bullitt, of Louisville, Ky., for complainant.

Dysard, Tinsley & Prichard, of Ashland, Ky., for defendant.

ANDREW M. J. COCHRAN, District Judge.

This suit is before me on defendant's motion to dismiss. By it plaintiff seeks the cancellation of a general health and accident policy of insurance issued by it to defendant September 2, 1924, and recovery of $1,985.-69 theretofore paid by it to him under the policy. The ground upon which such relief is sought is that plaintiff was induced to issue the policy by fraudulent misrepresentations as to material matter. The policy was issued with a rider known as "Continuous Disability Rider. Form 21" attached to it in substitution for a policy issued March 31, 1923. Provision was made for payment of $5,000 for continuous total disability. resulting from bodily injuries effected by ac-

cidental means for any one of certain losses, including death, and also for a payment of a weekly indemnity of $100 for total disability from accident or disease during his lifetime. The original policy limited this benefit to sixty weeks. The object of the substitution was to provide for a lifetime payment, and it called for a greater premium. The bill contains certain allegations on which the right to the relief sought was based. The policy was issued in reliance upon the representations made in defendant's application for the original policy, a copy of which was attached thereto. In that application these questions were put to be answered by him:

"What sickness or accidents have you had during the past five years? What physicians have you consulted during that period?" His answer was "None."

This question was also put there:

"Are you now in sound health and bodily condition?" His answer thereto was "Yes."

These answers were material to the risk, and were false and fraudulently made, in that commencing about 1921 the defendant had a sickness known or variously described as catarrhal jaundice and cholecystitis and gall bladder disease, which confined him in a hospital for a number of days, that he had consulted and was treated for such sickness by one or more physicians, and that at the time of the making of the application he was not in sound health, but was suffering from such sickness, and was so serious that in April, 1929, he applied to the United States Veterans' Administration for benefits granted to veterans of the World War, claiming in his application therefor that the cholecystitis originated from and was connected with his service therein.

On or about December 8, 1932, the defendant asserted a claim under the policy against defendant for payment of the weekly indemnity provided for therein on the ground of total disability from chronic gall bladder disease, which he continued to assert and was asserting at the time of the bringing of the suit, April 6, 1933, and which then amounted to $1,978.59. Theretofore, in ignorance of the falsity of the fraudulent misrepresentations relied on and by mistake, plaintiff paid to defendant on account of disability claim $1,985.69. The first information which it received as to their falsity was in February, 1933. It at once investigated the matter and definitely ascertained such falsity April 5, 1933. It could not by ordinary diligence have discovered it sooner. The defendant has paid to plaintiff on account of fees and premium $3,625.84. Such are the facts alleged by plaintiff in its bill on the basis of which it seeks cancellation of the policy and recovery of the $1,985.69 paid under it. It offers to confess judgment for the $3,625.84 less the amount so paid.

Several grounds are urged for dismissing the bill.

1. Want of jurisdiction in that the amount in controversy is not in excess of $3,000. This position is based upon the view that the relief sought is limited to cancellation of the policy, the effect of which would be to relieve plaintiff of its contingent liability for $5,000 upon total disability by reason of certain losses, including death, resulting from bodily injuries caused by accidental means and of the claim of $1,978.59 under the policy on account of total disability from disease. This claim is less than the jurisdictional amount, and the value of the provision for the $5,000 is so uncertain that it cannot be said that the amount in controversy was equal thereto. But the relief sought is not limited to cancellation of the policy. Recovery of the sum of $1,985.69 theretofore paid under the policy is sought also. This, added to the definite claim of $1,978.59 made under the policy, relief from which is sought by cancellation thereof, brings the amount in controversy above the amount required to give jurisdiction. Massachusetts Protective Ass'n v. Kittles (C. C. A.) 2 F.(2d) 211. Had plaintiff not sought recovery of the $1,985.69 theretofore paid by it, but limited itself to deducting same from the $3,625.84 theretofore paid by defendant and offering to confess judgment for the balance, possibly some question might be made whether jurisdiction existed without reference to the relief from the contingent liability for $5,000. But it did not so limit itself. It sought recovery of the amount so paid by it.

But apart from this I think that jurisdiction exists on the ground that plaintiff seeks relief from its contingent liability for $5,000. In the case of Mutual Life Insurance Co. v. Rose (D. C.) 294 F. 122, 123, I held that federal jurisdiction existed of a suit to cancel two ordinary life policies, one for $3,000 and the other for $2,000. I think that the same thing is true of a suit to cancel an accident policy for an amount in excess of $3,000. In the case of Mutual Life Ins. Co. v. Thompson (D. C.) 27 F.(2d) 753, 754, it was held that no such jurisdiction existed

to cancel either the ordinary life or accident policy in excess of that amount, nothing else appearing. There the suit was to cancel two life insurance policies for $5,000 each providing for double liability in case of death from accidental cause. It was held that, in the absence of an allegation that the two policies had a value in excess of $3,000, the court was without jurisdiction. It was conceded that possibly they might have such value, but held that, in order to jurisdiction, it must be alleged, and, if denied, proved, that such was the case. It was not sufficient that the policies called for the payment of $5,000 for death from a natural cause and $10,000 for death from an accidental cause. No distinction was made between the different liabilities. Each was contingent and hence difficult of valuation. As to the liability for accidental death, it was said: "In so far as the policies provide for accidental death, the object sought might be without pecuniary value. Nothing stated in the bill shows that the insured is in the least degree more liable to accidental injury than is the average man of his age. To an insurance company, engaged in accident insurance, the policies here (in so far as they are merely accident policies) might easily be assets rather than liabilities.

As to the liability for natural death, it was said: "And, in so far as they are life insurance policies, the liability of the plaintiff is contingent. For a failure to pay either the second or the third annual premium all rights under the policies will be absolutely forfeited, and there would be no liability whatever on the insurer. For a failure to pay any annual premium after the third, the liability of the insurer might, at the option of the insured, be for the full amount ($5,000) of each policy, but only if the insured were to die within a certain fixed period after the default. * * * It seems to me clear that it is impossible to regard the maximum possible liability under the policies as the measure of the value of the object sought by the bill."

As to the authorities bearing on the question, it was said: "Some explanation is needed of my total failure to cite authority in support of my reasoning concerning the value of the object sought by the bill. It seems almost impossible that there are not in the books some opinions discussing the pecuniary value of a right to have canceled for fraud or mistake contracts which create a contingent liability to pay an uncertain sum of money."

The word "uncertain" here was evidently a slip. "Certain" should have been used, as the sum payable was certain. The only uncertainty was as to whether it would ever be payable. The explanation of the failure to find the authority referred to may be that it had never been thought that the question of jurisdiction was affected by the value of the policy. Reference was made to my decision in the Rose Case. It was recognized that it was against the position there taken and disposed of on this ground: "In that case the subject is not discussed."

I did not discuss it because it did not occur to me that jurisdiction was affected by the value of the policy. I thought that it depended solely on the amount of the policy. The trouble with this case is that the question of jurisdiction was disposed of on the assumption that the provision of the statute as to jurisdiction reads, "where the matter in controversy exceeds, exclusive of interest and costs, the value of $3,000." It does not so read. It reads, "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,-000." The words "the sum" were ignored. That such was the case appears from the quotations heretofore made from the opinion. It appears more baldly in the opening of the discussion. It is in these words: "The ground of the motion to dismiss is that the bill does not show that the value of the matter in controversy is sufficient. In a suit of this character, the value of the object sought by the bill, relief from the plaintiff's liability, is the amount in controversy."

■■ The two words "sum" and "value" do not have the same significance. If they did, but one of them would have been used. "Sum" has to do with a case where the matter in controversy is money. In such a case it is the sum of money which is in controversy that determines jurisdiction. "Value" has to do with a case where the matter in controversy is other property or a right. In such a case it is the value of such property or right that determines jurisdiction. In the case of Colston v. Southern Home Bldg. & Loan Ass'n (C. C.) 99 F. 305, 306, it was said: "It will be perceived that the statute contemplates that in some instances 'the sum' will be the matter in dispute, and in others 'the value.' In the one case the amount in controversy will control, and in the other the value of the property involved."

■■ In a case involving a contract to pay a certain sum of money in a certain contingency, it is not the value of such contract

which determines jurisdiction; it is the sum of money to be paid on the happening of such contingency. If it is an action on the contract by the obligee claiming that the contingency has happened, it will hardly be questioned that it is the sum contracted to be paid. If that determines jurisdiction when it is a suit by the obligor to cancel the contract on the ground of fraud or mistake, the matter in controversy, equally as in the other case, is the sum contracted to be paid, and that determines jurisdiction. In the one case the plaintiff seeks to recover a certain sum of money. In the other he seeks to get rid of having to pay a certain sum of money. In each case the matter in controversy is a sum of money. Hence in a suit to cancel either a life policy or an accident policy the amount of the policy determines jurisdiction. The only difference between the two is that in the one case the contingency upon the happening of which payment is to be made is more likely to happen than in the other.

The position here taken is supported by the recent decisions in the cases of New York Life Ins. Co. v. Swift (C. C. A.) 38 F.(2d) 175; Jensen v. New York Life Ins. Co. (C. C. A.) 50 F.(2d) 512, 514. It is to be said, however, in regard to these two cases, that they do not clearly recognize that the ground of jurisdiction in such cases is that the matter in dispute is a certain sum of money, and that, being in excess of the jurisdictional amount, jurisdiction exists. The matter in dispute is not other property or a right, and hence jurisdiction is not determined by value. Furthermore, too much deference is shown in them to the decision in the Thompson Case. In the Swift Case it was said that "it was undoubtedly in point but we do not find it persuasive." In the Jensen Case it was said: "Judge McDowell, with forceful reasoning, reached the conclusion that in a suit to cancel an insurance policy, if the bill alleged that the 'value of the object sought by the bill' * * * exceeded the sum of $3,000, this was sufficient to confer jurisdiction. In the case at bar, such an allegation as suggested by Judge McDowell is contained in the bill." The same deference was shown to it by the lower court in the Jensen Case. New York Life Ins. Co. v. Jensen (D. C.) 38 F.(2d) 524.

The case of Wright v. Mutual Life Ins. Co. (C. C. A.) 19 F.(2d) 117, the decision in which case was affirmed in Mutual Life Ins. Co. v. Wright, 276 U. S. 602, 48 S. Ct. 323, 72 L. Ed. 726, relied on by defendant,

is so clearly not in point that it is not necessary to differentiate it.

2. The right to the relief sought is barred by the statutes of limitations of this state. The provisions thereof relied on are contained in sections 2515 and 2519, Kentucky Statutes. By section 2515 it is provided that "An action for relief on the ground of fraud or mistake * * * shall be commenced within five years next after the cause of action occurred."

By section 2519 it is provided that "In actions for relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud."

█ I think the question as to whether this suit is so barred is raised by the motion to dismiss. It may be that, where the fraud complained of is alleged to have been committed more than five years before the bringing of the suit and not as much as ten years and there is no allegation as to when it was discovered, the bar of the statute cannot be raised by demurrer. Swinebroad v. Wood, 123 Ky. 664, 97 S. W. 25; Mounts v. Charles, 187 Ky. 421, 219 S. W. 184. But where it is alleged to have been committed more than ten years before the bringing of the suit there is no good reason why it cannot be raised. Forman v. Gault, 236 Ky. 213, 32 S.W. (2d) 977. The claim of the defendant is that it appears from the bill that this case comes within the ten-year limitation. But such is not the case. The policy sought to be canceled was issued and the fraud complained of was perpetrated September 2, 1924, and the suit was brought April 6, 1933, less than nine years thereafter. It is claimed by defendant that the fraud was perpetrated when the original policy was issued on March 30, 1923, which was more than ten years before the bringing of the suit. The fraud perpetrated in obtaining that policy was perpetrated then. But plaintiff is not complaining of that fraud. It is complaining of the fraud perpetrated in obtaining the policy issued September 2, 1924. That fraud was then perpetrated. So far as the five-year limitation is concerned it appears affirmatively from the bill that it does not apply. It is alleged therein that information as to the fraud complained of was not obtained until February, 1933, and that the fraud was not definitely ascertained to have been com-

mitted until April 5, 1933, and that it could not have been discovered sooner.

But besides this that statute has no application to a suit in equity brought in this court seeking relief on account of fraud. The only bar is laches. And the allegations as to when the fraud was discovered excludes laches. Pomeroy's Equity Jurisprudence (4th Ed.) vol. 2, p. 1915, § 917; Pomeroy's Equity Jurisprudence (4th Ed.) vol. 4, p. 3412, § 1441; Kirby v. Lake Shore & Michigan Southern Ry. Co., 120 U. S. 130, 7 S. Ct. 430, 30 L. Ed. 569. The cases relied on by defendant are not in point. See the cases of Estep v. Kentland Coal & Coke Co. (C. C. A.) 239 F. 617; Pond Creek Coal Co. v. Hatfield (C. C. A.) 239 F. 622; Kentucky Block Cannel Coal Co. v. Sewell (C. C. A.) 249 F. 840, 1 A. L. R. 556. It is urged by plaintiff that these statutory provisions have no application to an executory contract, to an action on which fraud may be pleaded as a defense. This is so because fraud may be pleaded as a defense to an action brought on the contract after the lapse of ten years.

In 34 C. J. p. 294, it is said: "The statute (with respect to relief against fraud or mistake) has no application to a case where fraud is pleaded by defendant merely to prevent a recovery by plaintiff. And where fraud is set up by plaintiff not as a cause of action, but to avoid a defense alleged by defendant, the action is not for relief on the ground of fraud within the statute."

It has been held by the Court of Appeals of Kentucky that fraud can be pleaded as a defense to an action upon an executory contract notwithstanding the expiration of the periods prescribed by sections 2515 and 2519, Kentucky Statutes. Aultman & Taylor Co. v. Meade, 121 Ky. 241, 89 S. W. 137, 123 Am. St. Rep. 193; Weakley v. Meriwether, 156 Ky. 304, 160 S. W. 1054; Luscher v. Security Trust Co., 178 Ky. 593, 199 S. W. 613, L. R. A. 1918C, 615; Lewis v. Kash, 239 Ky. 117, 38 S.W.(2d) 978.

If this were an action at law by defendant against the plaintiff, there can be no question that the latter could plead the fraud complained of as a defense to the action. It would not be barred by this or any other statute of limitation from doing so. Why then should plaintiff be barred from bringing this suit to cancel the policy because of such fraud? Does or not this necessitate the position that such a suit is not within the statutes relied on? I do not find it necessary to pass upon the question as, for the reasons

heretofore given, this position of defendant is not otherwise well taken.

3. That plaintiff had an adequate remedy at law at the time this suit was brought. It had such a remedy, in that liability on the policy to pay the weekly indemnity provided for therein had then accrued and plaintiff could plead the fraud complained of in an action not then brought but which might thereafter be brought to enforce such liability. Since the bringing of this suit and after the filing of the motion to dismiss therein, to wit, on June 12, 1933, the defendant brought an action on the policy to recover twenty-eight weekly indemnities for $100 each, amounting to $2,800 and interest thereon in the circuit court for Boyd County in this district, in which petition and bond for removal of the petition to this court was filed by plaintiff July 1, 1933. The defendant relies on the following decisions in support of this position: Phœnix Mutual Life Ins. Co. v. Bailey, 13 Wall. 616, 623, 20 L. Ed. 501; Cable v. U. S. Life Ins. Co., 191 U. S. 288, 24 S. Ct. 74, 77, 48 L. Ed. 188; American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 150, 67 L. Ed. 306.

The question thus raised is best approached from what is settled as to the right of an insurance company to bring a suit in the federal court to cancel a policy issued by it on the ground that it was obtained by fraud. Where no action can be brought on the policy by the insured inasmuch as it has not matured, there is no question but that the company may bring such suit. Connecticut Mut. Life Ins. Co. v. Home Ins. Co., Fed. Cas. No. 3107; Riggs v. Union Life Ins. Co. (C. C. A.) 129 F. 207, 208; Mutual Life Ins. Co. v. Blair (C. C.) 130 F. 971. The reason for this is stated in the Riggs Case. It is "because an estoppel from denying its validity may arise in favor of third persons who advance their money in reliance upon it, and because the time when an opportunity will be offered to establish the fraud as a defense to an action upon the policy is so remote and uncertain that indispensable witnesses and evidence may, and probably will, disappear before the opportunity will be offered."

I would base it on this general principle stated in Pomeroy on Equity Jurisdiction (2d Ed.) vol. 3, § 917, to wit: "The injured party must assert his remedial rights with diligence and without delay, upon becoming aware of the fraud."

In the Blair Case the insured died after

suit brought and before answer filed, and an action at law was at once brought on the policy. It was held that this did not affect the right to maintain the suit. The right to bring such suit exists after the policy has matured, if it contains an incontestable clause and the period in which contest may be made has not expired. The ground of this is that, if the suit is not brought, the right to contest may be lost by the insured's delay in bringing an action on the policy until after the expiration thereof, or, if he brings it before, he may dismiss it without prejudice and bring it again after such expiration. There are numerous recent decisions to this effect. Jefferson Standard Life Ins. Co. v. Keeton (C. C. A.) 292 F. 53; Jefferson Standard Life Ins. Co. v. McIntyre (C. C. A.) 294 F. 886; Harwi v. Metropolitan Life Ins. Co. (D. C.) 297 F. 479; Lincoln Nat. Life Ins. Co. v. Peake (D. C.) 10 F.(2d) 366; Jones v. Reliance Life Ins. Co. (C. C. A.) 11 F.(2d) 69; New York Life Ins. Co. v. Renault (D. C.) 11 F. (2d) 281; Peake v. Lincoln Nat. Life Ins. Co. (C. C. A.) 15 F.(2d) 303; Keystone Dairy Co. v. New York Life Ins. Co. (C. C. A.) 19 F.(2d) 68; Mutual Life Ins. Co. v. Dreeben (D. C.) 20 F.(2d) 394; New York Life Ins. Co. v. McCarthy (C. C. A.) 22 F. (2d) 241; Abraham Lincoln Life Ins. Co. v. Kleven (D. C.) 33 F.(2d) 638; New York Life Ins. Co. v. Jensen (D. C.) 38 F.(2d) 524; Lincoln Nat. Life Ins. Co. v. Hammer (C. C. A.) 41 F.(2d) 12; New York Life Ins. Co. v. Seymour (C. C. A.) 45 F.(2d) 47, 73 A. L. R. 1523; New York Life Ins. Co. v. Halpern (D. C.) 47 F.(2d) 935; Mutual Life Ins. Co. v. Conley (D. C.) 55 F. (2d) 421; Brown v. Pacific Mutual Life Ins. Co. (C. C. A.) 62 F.(2d) 711. In many, if not most, of these cases, actions at law were brought on the policies after the bringing of the suits in equity to cancel them. It was held that the bringing of such actions had no effect on the right to maintain the suits, and that, on the contrary, the plaintiffs therein were entitled to injunctions against the further maintenance of the actions. In the Brown Case the question as to the right to an injunction was fully discussed and justified.

This brings me to a consideration of the cases where, before the bringing of the suit to cancel, the policy has matured and right to bring an action at law therein has accrued where no incontestable clause is involved to which this case in part belongs. In considering these cases, note should be first taken of the requirement that, in order to the right to bring a suit in equity in a federal court to cancel a policy of insurance, there must be no plain, adequate, and complete remedy at law, or, more specifically, that no such remedy must exist in the federal court. It is not sufficient that there is such a remedy in the state court. If there is no such remedy in the federal court, it has jurisdiction to hear and determine such suit even though such remedy exists in the state court.

In the case of Risty v. Chicago, R. I. & P. R. Co., 270 U. S. 378, 46 S. Ct. 236, 240, 70 L. Ed. 641, it was said: "The test of equity jurisdiction in a federal court is the inadequacy of the remedy on the law side of that court and not the inadequacy of the remedies afforded by the state courts."

And in the case of Henrietta Mills v. Rutherford County, 281 U. S. 126, 50 S. Ct. 270, 272, 74 L. Ed. 737, it was said: "The act of Congress with respect to the existence of such a remedy has reference to the adequacy of the remedy on the law side of the Federal courts."

As the question usually arises, it is whether the plaintiff can obtain the relief sought in an action brought on the law side of the court. Such was the case of Hipp v. Babin, 19 How. 271, 15 L. Ed. 633. That was an ejectment bill to recover land. The bill was dismissed because the relief sought could be obtained by an action of ejectment at law.

It is sufficient, however, if the plaintiff can obtain the relief sought by defense to an action at law brought against it. This was decided as to a suit to cancel an insurance policy on the ground of fraud. Cable v. United States Life Ins. Co., supra. The plaintiff there was a New York Life Insurance Company, and the defendant, the personal representative of the insured, was a citizen of the state of Illinois. The suit to cancel was brought in the Circuit Court for the Northern District of Illinois. One and a half hours before the bringing of the suit the defendant brought an action on the policy in the state court. This, therefore, was a case where the action at law was pending at the time the suit was brought. This action was subject to removal to the federal court where the suit to cancel was pending, but, if removed, the plaintiff would by statute forfeit its right to do business in that state. The action was not so removed. It was held that the suit was not maintainable because the plaintiff had an adequate remedy at law by removing the action pending in the state court to the federal court and pleading as a defense that the policy had been procured by fraud. This case goes no further than to hold that, if at

the time of the bringing of the suit to cancel in the federal court there is then an action at law pending to which the fraud can be pleaded as a defense, it is not maintainable. It is not essential that it be pending in the federal court. It is sufficient if it is removable to the federal court. The court said: "We start with the proposition that, to any action brought upon the policy in a Federal court, the company would have a complete and adequate defense by proving the fraud as alleged in the bill herein. That shows a defense in the same jurisdiction resorted to by the complainant herein. It is answered, however, that the action has not been commenced in the Federal court, but, on the contrary, the administratrix has commenced her action in the state court, and hence the defense, if made in the state court, is not in the same jurisdiction as that in which the bill in this case was filed. But the company may bring its defense within the same jurisdiction by removing the case from the state to the Federal court, which it has the right to do on account of the diversity of citizenship of the parties thereto."

This case stands for the position that a suit to cancel brought in the federal court is not maintainable if at the time it is brought there is pending an action on the policy in the state court which is removable to the court where the suit is brought. It has no bearing on the question as to the maintainability of a suit where no such action has been brought but the right to bring it exists. Nor has it a bearing on the question whether the suit is maintainable if the action in the state court is not removable to the federal court. Rather its implication is that in such a case the suit to cancel is maintainable.

The case suggests the question whether or not it is essential that the pending action in the state court which is removable to the federal court must be pending in the same territorial jurisdiction as that of the federal court in which the suit is brought. Is it sufficient that it is removable to the federal court in the territory where the state court is located? The decision in the case of American Mills Co. v. American Surety Co., supra. is to the effect that it is sufficient. The suit to cancel there was brought in the District Court of the United States for the Southern District of New York, 262 F. 691. The plaintiff was a New York corporation and the defendant a Georgia corporation. Actions at law had been brought and were pending at the time the suit was brought in the

state courts of Georgia and Illinois which were removable to the federal courts of those jurisdictions. It was held that, because of the pendency of these actions at law, the suit was not maintainable if the defendant had not waived the question. The court said: "It is conceded by the respondent that its bill in equity in the District Court should have been dismissed because it had an adequate remedy at law."

The suit was held to be maintainable solely on the ground that defendant had waived this question. It was not considered whether, in order to the nonmaintainability of the suit, it was essential that the actions pending in the state court should be so pending in the same territorial jurisdiction. It was taken for granted that it was not. This decision, therefore, stands for the position that a suit to cancel is not maintainable if at the time it is brought an action at law is pending in the state court which is removable to the federal court even though it is pending in a different territorial jurisdiction. But it has no bearing on the question as to the maintainability of a suit to cancel where no action at law has been brought but the right to bring one exists. I have emphasized that both the Cable and the American Surety Co. Cases have no bearing on a case where an action at law has not been brought, but the right to bring which exists, because they are not infrequently cited as bearing on the right to bring suit to cancel in such case and holding that it does not exist. Neither has such bearing and neither so holds, as is apparent from what has been said. This brings me to the case of Phœnix Mutual Life Ins. Co. v. Bailey, supra, which does have such bearing and does so hold. The suit there was brought in the Supreme Court for the District of Columbia. It is stated in the opinion that "the record shows that an action at law has been commenced by the insured to recover the amounts, and that the action is now pending in the court whose decree is under re-examination." This seems to indicate that the action at law was not pending at the time the suit was brought, but that it was brought afterwards. But it was brought and was pending in the same court in which the suit was pending. It was held that the suit was not maintainable. The court said: "The obligation to pay certainly became fixed by the terms of the policies and the sums insured became a purely legal demand, and if so, it is difficult to see what remedy, more nearly perfect and complete, the appellants can have than is afforded them by their right to make

defence at law, which secures to them the right of trial by jury."

In the case of United States Life Insurance Co. v. Cable (C. C. A.) 98 F. 761, 767, which is the decision of the lower court in the Cable Case reversed by the Supreme Court, this was said as to the Bailey Case: "Here the suit at law was pending in the same court. There was no invitation to the plaintiff to go into another jurisdiction to seek an adjudication of his rights."

For a while after the decision in the Bailey Case there was a tendency to hold that it did not require that jurisdiction of a suit in equity to cancel should be denied after a right of action at law on the policy in the federal court or removable thereto has accrued, but before it has been brought. It was so held in Mutual Life Ins. Co. v. Pearson (C. C.) 114 F. 395; Union Life Ins. Co. v. Riggs (C. C.) 123 F. 312; Mutual Life Ins. Co. v. Griesa (C. C.) 156 F. 398. The decisions in the last two cases were reversed. Riggs v. Union Life Ins. Co. (C. C. A.) 129 F. 207; Griesa v. Mutual Life Ins. Co. (C. C. A.) 169 F. 509. These reversals were based on the decision of the Supreme Court in the Cable Case, which, as I have pointed out, did not involve a case where a right of action at law existed but had not been exercised. To the same effect are the decisions in the cases of Niagara Fire Ins. Co. v. Adams (C. C. A.) 198 F. 822; Continental Casualty Co. v. Yerxa (D. C.) 16 F.(2d) 473. Neither in the Bailey Case nor in either of these cases following it was the effect on the the jurisdiction of the requirement that there must be federal jurisdiction of the action at law considered. If the action at law must be brought in a federal court or if brought in a state court must be removable to a federal court for such jurisdiction, such requirement is met. But how, if it can be brought in a state court and it is not removable to such federal court? Until the action is actually brought, it cannot be said that federal jurisdiction at law exists. The citizenship of the parties in the Bailey Case does not appear. It would seem that the plaintiff was a foreign corporation and the defendant a citizen of the District of Columbia. If so, at the time the suit to cancel was brought it was possible that the action at law would be brought in a state court where jurisdiction of the person of the plaintiff could be acquired and the action would not be removable to the federal court for lack of diversity of citizenship; the plaintiff not being a citizen of any state.

This survey of these authorities shows that in no one of them was it held that the maintainability in a federal court of a suit to cancel is affected by the fact that the policy has matured in whole or in part and a right of action exists thereon which may be asserted in a state court but which cannot be asserted in the federal court either by bringing the action therein or, if brought in a state court, by the removal thereof thereto. Indeed it is to be gathered therefrom that the suit is maintainable if the right of action cannot be asserted in the federal court either directly or upon removal. This is on the ground that, in order for the remedy to be adequate, it is essential that the relief sought may be obtainable at law in the federal court.

This brings me to the case in hand. At the time this suit was brought, right of action on the policy had accrued only in part, i. e., for the weekly indemnity payable upon total disability due to disease. No right of action then existed to recover the $5,000 payable upon total disability arising from bodily injuries due to accidental means. Had the policy covered no more than this $5,000 provision, clearly the right to bring the suit to cancel it existed. The question as to whether this court has jurisdiction in equity of this suit hangs, therefore, on the question whether that jurisdiction is affected by the fact that, at the time it was brought, according to defendant's claim, he then had a right of action at law to recover the weekly indemnity of $100 from December 2, 1932, amounting in all to $1,700 or $1,800. It is certain that the action could not have been brought in this court as the amount in controversy was not sufficient. Nor for the same reason could an action brought in the state court be removed thereto. That judgment therein would be res adjudicata as to the $5,000 provision would not have made it sufficient. Wright v. Mutual Life Ins. Co., supra; Mutual Life Ins. Co. v. Wright, supra. It follows that, at the time this suit was brought, plaintiff had no adequate remedy at law in the federal court to obtain relief against the policy on the ground that it had been obtained by fraud and hence that the jurisdiction of this suit by this court was not affected by the right of action at law which defendant was then asserting.

The discussion should not be ended without taking note of the case of New York Life Ins. Co. v. Marshall (C. C. A.) 23 F.(2d) 225, affirming New York Life Ins. Co. v. Marshall (D. C.) 21 F.(2d) 172. In that

case the insured had two life policies with the plaintiff for $2,500 each, payable to his wife as beneficiary. Each contained an incontestable clause. Upon his death the plaintiff repudiated the policies on the ground of fraud and offered to return the premiums paid. Thereupon the widow brought an action in the state court on one of the policies. After this, and whilst this action was pending, the suit was brought. The incontestable period had not then expired. The plaintiff sought cancellation of both policies on the ground that they had been obtained by fraud and also an injunction against the further prosecution of the action at law pending in the state court. The bill was dismissed on defendant's motion and that decree was affirmed by the appellate court. The right to maintain the suit for cancellation did not depend on whether plaintiff was entitled to the injunction. It may be that it was not entitled thereto because of section 265 of the Judicial Code, section 720, R. S. (28 USCA § 379), prohibiting the granting of injunctions by the courts of the United States to stay proceedings in any court of a state. In none of the many cases cited above where the right to bring a suit to cancel for fraud was upheld on the ground of an unexpired incontestable clause had an action at law been brought on the policies sought to be canceled. In such of them as an action at law had been brought it had been brought after the bringing of the suit, and it was held that plaintiff was entitled to an injunction against its further prosecution. There is nothing, therefore, in any of those cases justifying the right to an injunction where the action at law was brought before the suit in equity. It did not follow that, because plaintiff was not entitled to the injunction, it was not entitled to maintain its suit for cancellation. Possibly that it was not entitled to the injunction may have affected the disposition of its right to so maintain the suit. In this case, therefore, it was held that the plaintiff had no right to bring the suit to cancel both policies notwithstanding each contained an incontestable clause, the period of contest not then having expired, and the action which had been brought in the state court could not be removed to the federal court because the amount in controversy was not sufficient. If no action at law had been brought at the time the suit in equity was brought, in view of the possibility that an action at law on both policies might be brought in the federal court, possibly the decision in

the Bailey Case would have been an authority against the right to bring it. The appellate court dealt with the case piecemeal. It held that the lower court did not have jurisdiction in equity to cancel the policy on which the action in the state court had been brought because plaintiff had "an adequate remedy at law by setting up in defense of that action defenses based on the alleged falsity of statements and representations relied on by the appellant in issuing that policy." It cited in support of this the decision in the Bailey Case and its own previous decision in the McCarthy Case, supra. As to the other policy, it held that federal jurisdiction did not exist, in that the amount in controversy was not sufficient. It said: "We conclude that the bill was properly dismissed, because the only matter in controversy, with reference to which relief sought was grantable, involved a sum or value less than that required to give the court jurisdiction."

One of the judges of the court dissented. If this decision is sound, it applies with greater force where the policy sought to be canceled has no incontestable clause as here. But it can have no application here, because at the time this suit was brought no action at law had been brought.

This exhausts all the grounds which have been urged by the defendant for dismissing the bill. In the course of the consideration of the case it occurred to me that there was an additional ground for so doing which had not been put forth by defendant. It is that plaintiff did not, prior to the bringing of this suit, tender to the defendant the difference between the fees and premium received by it from defendant, to wit, $3,625.84, and the amounts which it had paid the defendant under the policy, to wit, $1,985.69. Nor has it offered to pay same into court. It has merely offered in its bill to confess judgment for that balance. This and no more. Attention of counsel has been called to this ground, and they have briefed it. The plaintiff contends that it was not bound to make a tender before bringing the suit on two grounds. According to certain allegations in the bill, the tender would not have been accepted. The other is that, though at law, a previous tender may be essential, it is not essential in equity. It cites in support of the second position Ludington v. Patton, 111 Wis. 208, 86 N. W. 571; Brown v. Norman, 65 Miss. 369, 4 So. 293, 7 Am. St. Rep. 663; Twin Lakes Land & Water Co. v. Dohner (C. C. A.) 242 F. 399, 402; Plews v. Burrage (C. C. A.) 274 F. 881.

It may be taken that this position is sound. But, in a suit in equity to rescind a transaction on the ground of fraud, an offer must be made in the bill to restore what plaintiff has received. In 26 R. C. L. p. 625, it is said: "Generally the rules in equity concerning the necessity for an actual tender are not so stringent as those at law. And the failure to make tender may be cured by a plea of readiness and willingness and the paying of the money into court provided a formal tender is not a condition precedent to the enforcement of the rights of the pleader."

In the case of McQuiddy v. Ware, 20 Wall. 14, 19, 22 L. Ed. 311, it was said: "Apart from all this, the maxim that he who seeks equity must do equity in the transaction in respect to which relief is sought, has not been observed by this complainant. While admitting his indebtedness, and that it has existed for ten years or more, he does not make a tender in court of what is justly due, although he is asking the court to set aside the proceedings by which this indebtedness was satisfied, on the ground of their absolute nullity. The willingness to pay what is found to be due on the adjustment of the accounts for rents and profits is not the sort of offer required of a person in the situation of this complainant."

And in the case of Twin Lakes Land & Water Co. v. Dohner, supra, it was said: "The bill should have expressly averred the plaintiff's willingness to make this return and to accept all equitable conditions."

The bill here does not measure up to the requirement of either one of these statements. It merely offers to confess judgment for such balance. This will not do. But I do not think I ought to dismiss the bill without giving plaintiff an opportunity to supply the deficiency of his bill by a proper amendment. I am impelled to this by the fact that defendants made no point of this. Possibly I should have taken no notice of it. Certainly having shown this consideration to defendant, I should show equal consideration to plaintiff.

Leave is granted to plaintiff to so amend its bill. If no amendment is filed, the motion to dismiss will be sustained. If it is filed, the motion to dismiss will be overruled, and plaintiff's motion for an injunction against the further prosecution at law of defendant's action against plaintiff which should be remanded to the state court will be granted.